GOODYEAR, HARRIS & KAY; SYMMES & ATKINSON, by JACKSON & LUMPKIN, for plaintiffs in error.

JOHN D. RUMPH, by HARRISON & PEEPLES, for defendant.

---

## WILLIAMS *vs*. GUNNELS *et al.*

| 66 | 521 |
| 92 | 642 |
| 66 | 521 |
| 99 | 95 |

1. Where several pleas are filed by a defendant, a verdict in his favor should show upon which of the pleas it was rendered; and a general verdict having been returned for the defendant, upon objection by plaintiff's counsel, the jury should be required to retire and return a verdict specifying upon what plea or pleas it was based.
2. This court will not grant a new trial on account of a failure to give a request not properly made.
(*a*) In a suit for slander for words imputing a crime, to support a plea of justification, the same degree of evidence is required as would be necessary to convict the plaintiff on a criminal prosecution for the offense.

Slander. Verdict. Justification. Practice in the Superior Court. Before judge POTTLE. Madison Superior Court. September Term, 1880.

Reported in the decision.

S. P. THURMOND; JOHN J. STRICKLAND; POPE BARROW, for plaintiff in error.

J. B. ESTES & SON; SAMUEL LUMPKIN, for defendants.

Williams *vs.* Gunnels *et al.*

SPEER, Justice.

Plaintiff in error, Williams, brought a suit against the defendants for slander. The words charged in the declaration as having been spoken by defendants imputed to plaintiff that he had been guilty of the offense of bestiality.

To this declaration defendants filed, as appears by the record, three pleas: 1st. The general issue or plea of not guilty of speaking the words alleged to have been spoken. 2nd. Plea of justification—that is, if they did speak the words, they were true. 3rd. That said words were not spoken by them maliciously, nor slanderously, but because the plaintiff came to defendants in company with other parties, named in the declaration, and asked defendants about the matter, and defendants understood and believed the persons who accompanied the plaintiff to be the committee of the church, and sent on the part of the church to which plaintiffs and defendants belonged, to investigate and to inquire into the facts, and as to whether plaintiff had committed the act imputed by said words, and it was then and there, and in answer to inquiries of plaintiff and those who were with him, and in plaintiff's presence, these words were used by defendants, and not maliciously, but reluctantly, and the motive was to tell the truth and not a falsehood, nor with any wish to injure or hurt the plaintiff, etc., etc. Upon these issues presented by the pleadings said cause went to trial and the jury, under the evidence and charge of the court, found a verdict in favor of the defendants.

Whereupon plaintiff made a motion for a new trial upon the ground—

1. Because the verdict of the jury was contrary to the evidence.

2. Because the verdict of the jury was contrary to the evidence and weight of evidence.

3. Because the defendants had filed three pleas to

said action, to-wit: 1st. The general issue ; 2nd, the truth of the charge and justification ; and 3rd, that the words spoken were in answer to members of the church, or were uttered in good faith and with no malicious and slanderous motive, and the verdict of the jury did not show upon which of said pleas the verdict was rendered, as required by law ; and the attention of the court was called to the fact that the verdict did not specify upon which plea it was founded, as soon as the verdict was received, and before the jury left the box, and plaintiff's counsel, having then and there stated that he did not waive the objection to the verdict, the court held that the verdict was good, and ordered it to be recorded.

(4). Because the counsel for the plaintiff requested the court to charge the jury that under a plea of justification it requires the same degree of evidence on the part of the defendants, on that plea, as it would require to convict the plaintiff if he was charged with the offense in a criminal prosecution, which charge the court refused to give.

(5). Because the defendants having plead the general issue, the plaintiff's counsel claimed the right to open and conclude the argument, which the court refused and granted the opening and conclusion to the defendants.

In certifying the grounds of the above motion, the judge appends, by way of modifying the correctness of the grounds, that, "There was no *written* request to charge made, but the request to charge as to reasonable doubts was made in the argument; this the court omitted to give, but gave in its charge what it thought was the law on the subject of proof," etc.

1. Under our view of the law of this case, we deem it necessary to consider and rule upon only one ground in this motion for a new trial, which is the third ground as set forth in the record.

The complaint there is that there was more than one plea filed by the defendants, and yet the jury failed to specify upon which one of the pleas they founded their

verdict.    The record shows that there was a plea of general issue; 2nd, a plea of justification; 3rd, a plea styled by counsel on one side a plea "in mitigation," denying any malicious or slanderous intent in the uttering of the words charged, and stating the circumstances under which they were spoken—and by counsel on the other side as a plea, setting forth facts that amount to "a privileged communication", under the Code.   Whatever may be the proper name assigned to the pleas, it is manifest there were three distinct pleas filed, and as such the law required a different verdict, under the facts of this case, than was rendered. Code, section 3960, provides, "If there are several pleas, filed by the defendant, a verdict for the defendant must show upon which of the pleas the verdict is rendered." In the case of *Ball vs. Powers*, 62 *Ga.*, 757, the court say, "The Code is express, that if there are several pleas the verdict, when for defendant, should specify some one or more, or else be rendered on all; a mere general finding for the defendant is not a strict compliance with this provision, for the jury ought to say that it is upon all the pleas, or else that it is upon certain of them, pointing them out." 62 *Ga.*, 757-764; *Clark vs. Cassidy*, February Term, 1880, (Pamp., 57.)

It appears from the record in this cause, that the form of the verdict was objected to when returned, and before the jury had dispersed.   We think it was the right and privilege of the plaintiff to know upon which of these pleas the jury founded their verdict, and on objection being made to the same, it was the duty of the court to have remanded the jury with instructions on this question. The wisdom of this rule is most strikingly exemplified in this verdict.   The verdict, if found upon either the first or third plea, would not have that effect upon the plaintiff as if returned upon the plea of justification.   It may be said impliedly to rest upon this last plea, and if so the infamy and disgrace that follows to the plaintiff is beyond computation.   It is his right to know whether

a jury believed under their oaths that he was guilty of this degrading offense—that should banish him from human society—or whether they intended to find the communication made was a privileged one under the circumstances, and for which the defendants, though they uttered the words, were not responsible under the law. The instruction of the court to the jury was, "if they did not find for the plaintiff, their verdict should be generally for the defendant," and when such a general verdict for defendant was returned, he refused (on objection to the same by plaintiff's counsel) to remand the jury with instructions as to their duty. This was, in our judgment, error, for which a new trial should be granted.

2. The fourth ground of error in the motion for new trial is, " That plaintiff requested the court to charge the jury that under a plea of justification it requires the same degree of evidence on the part of defendants as it would require to convict the plaintiff if he was charged with a criminal offense."

In the certificate of approval of the grounds of the motion, the judge says :. " The request to charge complained of was not in writing "—and this being so, and no error being assigned on the charge of the court as given on this point, we cannot consider it for it to enter into the judgment here pronounced. Yet, as this cause will undergo a rehearing, we can but suggest that the rule as embodied in the oral request of counsel, as contained in the fourth ground of the motion, *is seemingly* recognized in such cases in the case of *Ransome vs. Christian*, 56 *Ga.*, 352. We mean, of course, where the words impute a crime, and a plea of justification alleging the truth of the words is filed.

The rule thus *seemingly* laid down in 56 *Ga.*, 352, we also find sustained in 2 Greenleaf's Ev., 426; 2 Add. on Torts, 386; 1 Cart., 92; 35 Maine, 315; 6 Cowen, 118; 8 Carr. & Payne, 587; 2 Starkie on Slander, 96.

Let the judgment of the court below refusing a new trial be reversed.