### VENTRESS *vs.* ROSSER.

[Jackson, C J., did not preside, on account of providential cause.]

1. Where to a declaration containing three counts, based respectively on malicious prosecution, malicious arrest and slander, the record shows that three pleas were filed, the first, a plea of not indebted, as if to an action on a contract; the second, a plea of justification; and the third an amendment and enlargement of the second, a verdict for the defendant was sufficient, without specifying on which plea it was founded, there being, in fact, but one legal plea.

(*a.*) Where an action was brought for malicious prosecution, ma- licious arrest and slander, a plea that the defendant was not in- debted, and did not undertake and promise in manner and form as charged by the plaintiff, was not a plea of the general issue, and amounted to nothing.

(*b.*) The plea of justification, as amended, was sufficient.

(*c.*) If there had been more than one plea, *semble*, that the plaintiff, when the jury returned a verdict for the defendant, should have asked that they be remanded and required to state upon which plea it was founded.

2. Where it does not appear that any objection was made to the admission of testimony when offered, it will be presumed that none was, in fact, made, and a new trial will not be granted because of its admission.

(*a.*) Under a plea of setting out specifically the circumstances from which the existence of probable cause of the prosecution and arrest might be inferred, and denying malice, it was admissible to show that counsel and the solicitor general of the circuit advised the prosecution, upon defendant's stating to them substantially the same facts testified to by him on the trial; and also other matters going to show that he acted without malice and with probable cause.

3. In order to recover, it must appear that the prosecution and arrest and the charge leading to them was made without probable cause and with malice. Malice may be inferred from a total want of probable cause, but want of probable cause cannot be inferred from malice; and the inference arising from a total want of probable cause may be rebutted by proof. This want is a question for the jury.

(*a.*) Actions for malicious arrest are strictly guarded. The circumstances under which they may be maintained are accurately stated, and they are never encouraged except in plain cases.

(*b* ) Under a plea to an action for malicious prosecution and malicious arrest, setting up that the defendant acted with probable cause and without malice in making the accusation and causing the arrest, it was not incumbent on him to prove the charge set up in the declaration; and the court correctly refused to charge that, if he failed to do so, the plaintiff would be entitled to a verdict.

(*c.*) The verdict was supported by the evidence, and there was no error in the charge which will require a new trial.

October 2, 1884.

Malicious Prosecution.　Malicious Arrest.　Slander. Pleadings.　Justification.　Verdict.　Evidence.　Before Judge FORT.　Macon Superior Court.　May Term, 1884.

Charles T. Ventress brought suit against James N. Rosser. The declaration contained three counts, respectively, for malicious prosecution, slander and malicious arrest. The three alleged grievances grew out of one transaction, namely, that defendant, having had certain money stolen from him, charged plaintiff with the larceny, caused his arrest and prosecuted him therefor.

The defendant filed the following plea:

"And now comes the defendant, and for plea and answer say's he is not indebted, in manner and form, as set forth in said suit, and did not undertake and promise, as alleged therein, and is not guilty of the charges therein set forth."

Defendant subsequently filed a plea, in which he admitted that he did institute the criminal proceedings alleged by plaintiff, but denied that he did so maliciously. He alleged that what he did was, as he believed, in the prosecution of his legal rights; that a sum of money had been stolen from him, and there were facts and circumstances pointing to the guilt of plaintiff, as defendant in good faith believed; that, prompted by these, and under the advice of counsel, he acted as he did.

Still later, the defendant amended his pleadings, amplifying the allegations just set forth, and setting out, in brief, the following as the facts under which he acted: Plaintiff was employed by him as a clerk, and had no means; he slept in the store alone, and he alone knew of the combination of defendant's safe; $1,100.00 were taken from the safe at night; there was no breaking and entering, but the larceny was committed by some one in the store; plaintiff had no means of acquiring money except his wages; after the larceny, he was found in possession of $120.00, which corresponded with some of the money lost; he also had new clothes and other articles; on the day previous to the arrest, he told the defendant that he intended to leave. He also asked why defendant seemed to be "inquiring," when the latter had been careful not to mention his loss; and when called on to explain his possession of the money and property, the plaintiff could not do so satisfactorily. On these facts and the advice of counsel, he acted.

It is unnecessary to detail the evidence. It was conflicting. Plaintiff denied all connection with the larceny, explained his possession of money and other property by reason of a sale of goods he had made prior to that time; and showed that he had been arrested, and that two indict-

ments had been preferred against him and returns of " no bill " made.

The evidence for the defendant tended, in substance, to establish his special plea.

The jury found a general verdict for the defendant. Plaintiff moved for a new trial, on the following grounds:

(1.) Because verdict was contrary to law and evidence, and because it should have shown on which of the three pleas it was found.

(2.) Because the evidence did not sustain the plea of justification.

(3.) Because the verdict was contrary to law.

(4.) Because the court admitted in evidence the testimony of R. G. Ozier and C. B. Hudson, after the plea of justification was filed by the defendant; and allowed the defendant to testify as to matters going to show by his acts and declarations that he acted without malice and with probable cause, after taking the opening and conclusion, and after filing the plea of justification. [The testimony of Ozier and Hudson was to the effect that the former was an attorney and the latter the solicitor general of the circuit, and that upon a statement made to them by defendant, which was substantially the same as the facts testified to by him on the stand, they advised him to prosecute the plaintiff.]

(5.) " The court erred in his charge to the jury (after the plea of justification) that the *onus* was on the plaintiff; before the plaintiff could recover, he must show a prosecution with malice and without probable cause." [This ground is certified with the others, but on examining the entire charge in the record, it appears that the court charged as follows: "I charge you that when a defendant files a plea of justification, it is incumbent upon him to establish the facts set up in that plea to a reasonable certainty, so as to be satisfactory to your minds. The *onus* is upon him; the burden of proof is upon him; and if he fails to establish the facts set out in his plea of justification, then that is a circumstance that you may consider in aggravation of

damages, if, in your judgment, it would be proper so to do. . . . . You are to look to the entire transaction with a view to ascertain what was the truth of this transaction. Was the defendant, Ro ser, actuated by spite toward the plaintiff, or did he have a disregard for the right consideration of mankind, and by chance had this person arrested? If so, that would constitute malice. Or if he wantonly and without cause, out of an ill will, did so, that would be malicious in the meaning of the law. But if, in good faith, he honestly believed that Ventress was guilty; if the circumstances upon which he founded that belief are satisfactory to your mind that they present probable cause to suspect the guilt of the plaintiff; if there was no malice, then you should find in behalf of defendant upon these two grounds. And so upon the count relating to slander, if you believe that he spoke the words alleged in the declaration, and that he believed these words to be true, that he had just cause so to believe, then this would be a circumstance that would mitigate the language used (if it was shown to have been used)—mitigate the damages," etc.

(6.) The court should have charged the jury that, when the defendant filed and relied upon a plea of justification, the *onus* was upon him to prove (disprove?) the charges set up in the declaration with reasonable certainty, and that a failure so to do would entitle the plaintiff to a verdict.

The motion was overruled, and plaintiff excepted.

J. W. HAYGOOD; HAWKINS & HAWKINS, for plaintiff in error.

E. G. SIMMONS, for defendant.

HALL, Justice.

The declaration in this case set forth the wrongs complained of in three counts, one for malicious prosecution, one

for slander, and one for malicious arrest. The defendant filed a special plea, in which he alleged specifically and with minute particularity the circumstances from which the existence of probable cause for the prosecution and arrest might be inferred, and denied any malice in instituting the one or causing the other to be made. This plea admitted the alleged injuries *modo et forma,* and justified the conduct imputed to the defendant. This is at least true as to the charges of malicious prosecution and arrest, and we think it likewise true as to the charge of slander. All these charges were founded upon one and the same transaction. The declaration sufficiently shows, as does the evidence had on the trial, that the alleged slanderous charge was made in the performance of a public as well as a private duty, both legal and moral; and the jury by their verdicts have found that it was made *bona fide;* it was therefore a privileged communication. Code, §2980. No plea of the general issue was filed or insisted upon. There is a singularly inappropriate plea sent up in the record, alleging that defendant was not indebted, and did not undertake or promise in manner and form as charged by the plaintiff. Under the instructions of the court, the jury found for the defendant. The plaintiff moved for a new trial upon various grounds, which was overruled.

1. We are of opinion that the verdict was proper; it was not necessary to specify upon which one of the three alleged pleas it was found; there was, in fact, but a single plea filed in the case; the trial was had upon this plea only. The first plea amounted to nothing; it was not the general issue in a case of this character; what is called the third plea is only an amendment and enlargement of the plea originally filed, justifying the defendant's conduct; that it was a sufficient plea as amended, see 69 *Ga.*, 251, 257 *et seq.* Even if there had been more than one plea, it is not clear but that the plaintiff should have asked that the jury, when they returned the verdict, be remanded and required to state upon which of these pleas it was found.

66 *Ga.*, 521; 64 *Id.*, 662; 62 *Id.*, 757. No such demand was made, and no excuse was rendered for its omission. This disposes of so much of the ground of the motion as relates to the error charged to exist in the form of the verdict.

2. It is insisted in the 4th ground of the motion that the court erred in admitting the testimony of Ozier, one of defendant's counsel, and of Hudson, the solicitor general of the circuit, in relation to advising the prosecution, upon the statement made by defendant to them, which was substantially the same as that sworn to by him on the trial, and also in allowing the defendant to testify as to all matters contained in the brief of evidence going to show by his acts and declarations that he acted without malice and without want of probable cause, after filing the plea of justification and after taking the opening and conclusion of the argument.

It does not appear from the record that any objection was made to this testimony when offered, and we must in fairness presume that none was in fact made; this of itself would be sufficient to dispose of this ground of the motion for a new trial. Independently of this, however, we can perceive no possible objection to this evidence. To have rejected it for the reasons assigned in this motion would have been to deprive the defendant of the only means of making good the facts set forth in his special plea and of making that plea available or of any value to him.

3. The 5th and 6th grounds of the motion set forth that the court erred in his charge to the jury (after the plea of justification) that the *onus* was on the plaintiff to show, before he could recover, a prosecution with malice and without probable cause; that he should have charged, "that when the defendant filed and relied upon his plea fo justification, the *onus* was upon him to prove the charge set up in the declaration; with reasonable certainty, and that a failure to do so would entitle the plaintiff to a verdict."

The prosecution and arrest and the charge leading

to them, and which was a part of each of them, must have been made without probable cause and with malice. Malice may be inferred from a total want of probable cause, though such want of probable cause cannot be inferred from malice. The inference arising from a total want of probable cause may be rebutted by proof. The want of such probable cause is a question for the jury, under the direction of the court, and exists only when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding, but a desire to injure the accused. Code, §§2982, 2983, 2987. As to malicious arrest, *Id.*, §2995. This action is strictly guarded, and the circumstances under which it may be maintained are accurately stated; it is never encouraged, except in plain cases; were it otherwise, ill consequences would ensue to the public, for no one would willingly undertake to vindicate a breach of the public law and to discharge his duty to society, with the prospect of an annoying suit staring him in the face.

The jury should not have been charged, as they were not, that it was incumbent upon the defendant to disprove the truth of the charge as set forth in plaintiff's declaration. He tendered no such issue by his plea; he undertook to establish that he acted with probable cause and without malice in making the accusation and causing the arrest.

In the clear and able exposition of the law made by the judge's charge, which is in the record, this issue was fairly and fully presented, and the consequences of a failure to establish the facts set forth in the plea, by proof sufficient to satisfy the minds of the jury to a reasonable certainty, were distinctly specified. There was no material error, if any at all, in this charge, and we have shown that there was none in the several rulings of the court complained of. The evidence to sustain the verdict was sufficient. The judge who tried the case was satisfied with it, and we cannot say that there was error in refusing to set it aside and to grant a new trial.

Judgment affirmed.