showing that he would so act or adjudge as to overcome the world-wide presumption, that every public officer will do right until the contrary is manifest.

The principles hereinbefore declared will be apparent by a glance at the following citations : 3 Chitty's Blackstone, pp. 111, 112, 113, 114; Wells on Jurisdiction, §§516, 517, 48; High on Extra. Rem., §§768, 771, 772, 777, 780, 782, 784, 790; Wood on Man., pp. 101, 113, 115, 148, 149; Code, §3209 ; 61 *Ga.*, 156.

Code, §1455; 69 *Ga.*, 280, 283 ; 71 *Ib.*, 205 ; *Skrine et al. vs. Jackson et al.*, 73 *Id.*, 377 ; *Caldwell et al. vs. Barrett et al., Comm'rs, Ib.*, 604.

Judgment affirmed.

---

## DALTON *vs.* DRAKE, executor.

1. Although the plea in this case was unnecessarily full and redundant, and might, for all practical purposes, have been omitted, and the facts set forth by it would have been admissible under the general issue, yet it was not amenable to the charge of duplicity. The matter contained in it, which is claimed to arise *ex delicto*, amounted simply to an allegation that the plaintiff was guilty of a breach or abuse of trust in the management of the business of his principal, for services in connection with which he sued; and the overruling of the demurrer thereto was not error

2. Where there were several pleas, and the jury found a general verdict in favor of the defendant, without specifying on which plea it was found, in order to take advantage of this omission, the plaintiff should have requested instructions from the court on that subject in his charge, or, when the verdict was returned, he should have called attention to the omission and asked that it be rectified.

(*a.*) Interpreting the verdict in this case fairly in connection with the pleadings and the issues made thereby, it must be inferred that the jury found for the defendant on the plea of the general issue, as amplified, and not on the plea of the statute of limitations.

3. The testimony of Reynolds was properly admitted. It was not irrelevant, but tended to rebut the claim of the plaintiff of skill and efficiency in the management of the farm and operations connected therewith involved in this case. If its competency was doubtful, it should have been admitted and its weight left to the

jury. Even if its admission were error, it was not so material as to require a new trial.

4. The various exceptions to the rejection of testimony were properly abandoned here, as without merit.

5. Where a witness testified to most of the facts stated in his affidavit appended to a motion for new trial as being newly discovered evidence, and such facts were merely cumulative, and no diligence was used by the movant in reference thereto, a new trial will not be granted on the ground of newly discovered evidence.

6. Where the charge of the court in respect to the statute of limitations was more applicable to the facts in the case and fully as favorable to the excepting party as a request to charge made by him, the refusal of such request will not authorize a new trial.

7. The verdict is in accordance with the law and the evidence.

February 9, 1886.

Pleadings. Verdict. Practice in Superior Court. Evidence. New Trial. Charge of Court. Statute of Limitations. Mutual Accounts. Before Judge POTTLE. Oglethorpe Superior Court. October Term, 1884.

To the report contained in the decision, it is necessary to add only that the following were among the grounds of the motion for a new trial:

(1.) Because the court overruled the demurrer to the plea setting up the conduct of the plaintiff in the management of the business confided to him, and asserting that he had been paid for all service rendered. The principal ground of demurrer was that this was setting up matters arising *ex delicto* in defence to an action *ex contractu*.

(2.) Because the verdict found generally for the defendant without stating on which plea the verdict was based.

(3.) Because the court permitted the defendant's counsel to ask a witness what crops, in his opinion, would be raised that year on the farm.—The objection was that this was irrelevant and not proper matter of opinion.

(4.) [Certain grounds as to evidence were not pressed before the Supreme Court.]

(5.) Because the movant has discovered since the trial that he can prove by O. M. Stone, of Augusta, Georgia, that he contributed $368.46 of his own money in purchasing a new gin, to be used in place of the old articles destroyed by the fire mentioned in the evidence. [Stone was a witness and testified by interrogatories on the trial.]

(6.) Because the court refused to charge as follows: "If you believe from the evidence that the plaintiff's claim for services was one entire account, then the statute of limitations did not begin to run against the same until the date of the last item in said account."

7.) Because the verdict was against the following charge: "If you believe that Mrs. Dalton employed him to render services during a term of years without limit, and promised him that she would pay him in her will, and he, relying on that promise, did not sue, then I charge you it was such a fraud as prevented the act of limitations from running, and the statute did not commence running until his discharge, indicating an abandonment of a purpose to pay him."

(8.) Because the verdict was contrary to law and evidence.

John C. Reed; Barrow & Thomas; Hamilton McWhorter, for plaintiff in error.

J. T. Olive; H. T. Lewis, for defendant.

Hall, Justice.

This was an action in the statutory form on an open account, containing various items, and seems to have been brought principally for the purpose of recovering eleven thousand dollars alleged to be due the plaintiff for services rendered to Mrs. E. A. Dalton, in managing and conducting her entire business for eleven years at one thousand dollars per annum, and to recover one-half the income and movable machinery of a mill and gin, in which it

was alleged she and plaintiff were jointly interested.   To this suit Mrs. Dalton pleaded only the general issue; pending the action, she died testate, and her executor in due time being made a party, filed further defences, one of which set forth the manner in which the plaintiff habitually conducted her business; his entire control over it; the receipt of large sums of money by him; his failure to keep account, or in any manner to show how he disbursed and paid out her money; his constant use of her employés about the cultivation of his own farm and of her plantation supplies, stock, farming utensils, etc.; her liberality in forwarding his interest by giving him a fine body of land worth some $2,400, and other acts of bounty towards him, alleging that he converted much of her money, etc. He also pleaded the statute of limitations to all except the items of the account accruing within four years previous to the commencement of the suit.

Anticipating the plea of the statute, the plaintiff, in the declaration as originally filed, alleged mutual dealings between himself and defendant and gave her several credits on the account sued, and after the plea of the statute had been filed, he amended his declaration twice; by the first of these amendments, he avers that he was employed at the stipulated wages above mentioned, and that the contract was to continue of force from year to year until one of the parties withdrew therefrom, wherefore his demand for the whole term of his service was entire and the statute did not commence to run against it until his discharge by the testatrix at or about the end of the year for which the last item of $1,000 in his bill of particulars is claimed; and by the other, he further alleges that some two or three years after his employment by testatrix commenced, she agreed with and promised him that if he would go on under the contract and manage her business during her life, she would compensate him fully for his services by her will, and which promise she would renew whenever he would press her for payment; that, relying

in good faith on this promise, he faithfully performed his part of the contract until he was causelessly discharged from her service in the year 1881; that upon his discharge, a right of action accrued to him at once, and that by this conduct both she and her executor were estopped from pleading the statute.

Treating the second of these defences as a plea of payment, the plaintiff insisted that it was insufficient because it joined matters *ex delicto* with matters *ex contractu*, was vague, general, etc., not showing when or how the alleged payments were made, or the amounts of the same, or when or how the several conversions by him of her funds that came into his hands, and which he was charged with appropriating to his use, was effected, and for these reasons he demurred to this plea, but the demurrer was overruled, and the cause proceeded to trial upon the issues formed by the suit, as amended, and the several pleas of the defendant. Much testimony of a conflicting character was given by each of the parties, and after being charged, the jury returned a general verdict for the defendant. A motion was made for a new trial, upon numerous grounds, which was refused, whereupon the plaintiff excepted and brought the case by writ of error to this court.

1. The first of the grounds which we shall notice is that which insists that there was error in overruling the demurrer to the plea. We think that, although this plea was unnecessarily full, and was redundant, it was quite as specific and particular in its statements as were the allegations contained in the declaration and bill of particulars attached, to which it was a reply; that, although it was superfluous, and might, for all practical purposes, have been omitted, as each of the facts and occurrences which it sets forth would have been admissible in defence of the suit under the general issue, yet it is not amenable to the charge of duplicity. The matter it sets out, which it is claimed is *ex delicto*, amounts simply to an allegation that the plaintiff was guilty of a breach, or perhaps an abuse, of trust in the manage-

ment of testatrix's business, which had been confided to him; and we think it does not lie in his mouth to complain that he was more particularly notified of the contemplated proof in respect to this subject than he would have been, had the defendant, as he might have done, relied on the plea of the general issue.

2. There was no error in refusing to set aside this verdict because it was a general finding in favor of the defendant and did not specify the particular plea on which it was returned. In order to have availed himself of this deficiency in the finding, the plaintiff should have called attention to the fact and requested either the instructions of the court in its charge before the jury retired ; or when they returned with the verdict, he should have called attention to the omission, and have asked that it be then rectified ; but neither of these things seem to have been thought of, and it is now too late, as has been several times decided, to make the point available. *Williams vs. Gunnels et al.*, 66 *Ga.*, 521 ; *Continental Nat. Bk. of N. Y. vs. Folsom*, 67 *Id.*, 624. But we agree with our learned brother, Pottle, who tried this case, that, if the verdict is fairly interpreted in connection with the pleadings and the issues made thereby, it must be inferred that the jury found for the defendant under the plea of the general issue, as it was amplified by the plea to which the plaintiff demurred, and which, for the sake of easy designation and distinction, he termed a plea of payment, and not a plea of the statute of limitations.

3. The testimony of Reynolds was properly admitted ; it was not irrelevant, but afforded some proof to rebut the claim set up by plaintiff of skill and efficiency in the management of Mrs. Dalton's farm and the operations therewith connected. Even if its competency had been doubtful, it should not, on this account, have been rejected, but this fact should have been considered in determining the weight to which it was entitled. But had it been irrelevant, and should, for that reason, have been repelled, the

error in admitting it was not.so material as to have authorized the grant of a new trial. Under any view, it amounted, at most, to dust in the balance—only that and nothing more.

4. The various exceptions to the rejection of testimony set out in several grounds of the motion for a new trial were properly abandoned here, as the points made have been too frequently and recently considered by this court and are too well settled to be again called in question.

5. There is nothing in the alleged newly discovered evidence which would authorize an interference with the verdict. It is, in fact, not newly discovered; the witness who furnishes it was sworn on the trial, and testified to nearly everything set forth in his affidavit appended to the motion; it is, at most, "merely cumulative;" and were this not the case, no diligence was shown in reference to it; if anything was omitted which should have been revealed when the witness was examined, it was omitted in consequence of the plaintiff's inattention or indifference; it is probable that it was not deemed important by the able and experienced counsel who conducted his cause; we certainly do not think it essential in any view we have been able to take of the matter.

6. The charge given on the statute of limitations was, as we think, more apposite to the facts and circumstances in proof, and fully as favorable to the plaintiff, if not more so, than that requested by him and refused by the court. Besides, we are not satisfied that a case of mutual dealings, in the legal sense of that term, was made out between these parties, and if it had been, it is by no means clear that such a case is excepted from the operation of our statute; there is at least a contrariety of legal and judicial opinion upon the subject; but as it is not essential to the determination of this case, we do not undertake to decide what the law is upon the contested point. We feel confident, as before suggested, that considerations arising upon this plea did not enter into the verdict.

7. The verdict in this case is much more in accordance with law and the weight and strength of the evidence than against them. Had the plaintiff done his duty in keeping and rendering accounts of his stewardship to one who acted to him more as a kind and indulgent parent than an exacting employer, all doubt about the particulars of this case would have been removed, and instead of vague generalities in pleadings and so-called bills of particulars attached to them, his cause of action would have been specifically and definitely set forth, and the proof would have been made to conform; instead of confusion and chaos, we should have had light and order. The very contract, both as to its existence and terms, upon which he originally proceeded, is left in much doubt; it is not established by absolutely reliable testimony. Occasional conversations of the testatrix, most of them with casual acquaintances, are resorted to for this purpose. Such evidence, under the most favorable auspices, is always to be carefully scanned, and from its liability to be misunderstood and misreported from its want of fulness and particularity, it is generally deemed anything but satisfactory and conclusive, and this is especially true where the voice of one of the parties to the conversation has been hushed in death, and all opportunity for explanation and correction is thus cut off.

Had the party been in life, the attention of the witness might have been called to facts and incidents which might perhaps have corrected any misapprehension under which he was possibly laboring; or if this could not have been done, then a foundation might have been laid, or some other way might have been pointed out to either contradict or qualify his statements.

It is somewhat remarkable that the plaintiff never returned this unquestionably solvent claim for taxation; that he failed to account satisfactorily for his omission or neglect to do so, and that he was unable to prove by any one that he ever, at any time, until he left her employment, made a demand on the testatrix for its payment. This

Dalton *vs.* Drake, executor.

single fact goes far to explain the terms on which he lived with her, and shows that he was regarded as a member of her family, rather than an agent employed at regular wages under a contract. It negatives the existence of the contract upon which the suit was originally brought, and with others justifies, if it does not require, the inference that this bounty, together with what he expected from her will, was accepted as full compensation for his services. The record renders it probable that if this suit had been successful, the whole estate would have been taken to pay the judgment, and the plaintiff, to the exclusion of the next of kin of testatrix, would have become her sole legatee as effectually as though he had been so named in her will. The jury might well pause and consider before rendering a verdict that would involve such startling results. They doubtless thought, and we are inclined to agree with them, that substantial justice would be done by leaving these parties as they were when this suit was commenced. How far this verdict concludes the right of the plaintiff as to the property held jointly by the testatrix and himself, we are unable to determine, but we agree with the presiding judge that this claim was improperly joined with other matters in the suit; but for want of information, and because of the uncertainty of the disposition which was made of it, we express no opinion and give no direction in the matter. The parties must take such course in reference to it as they shall be advised is proper. Every other thing involved in the suit is covered by this verdict, and as we find no error in the rulings or charges of the court, and as we think it is sustained by the proof, we cannot, and if we could, would not, interpose to set it aside by the grant of a new trial.

Judgment affirmed