## GEORGIA RAILWAY & ELECTRIC CO. *v.* TOMPKINS.

1. Where a street-railway company which owned land abutting on a public highway outside of the limits of a municipal corporation, for its own benefit and without permission from the proper authorities, as required by the statutes, and in violation thereof (Penal Code, §§ 543-545), dug up the highway and placed a catch-basin in it on the edge of the sidewalk, with a pipe leading therefrom across the street under the surface to another catch-basin, and then refilled the ditch, this was unlawful; and if a person legitimately passing over the catch-basin after its con-

struction stepped in a hole in its covering, and was injured, the railway company was liable for such injury, without the necessity for showing that the top of the catch-basin was negligently constructed or that the company was negligent in causing or permitting a hole to exist therein, it not appearing that the injured person was wanting in ordinary care.

2. An owner of property abutting upon a street or highway is not, because of such ownership, liable for defects in such street or highway. But this rule does not relieve the owner of abutting property from liability, if he unlawfully places in the highway a structure which later gets in bad repair and causes injury to a passer.

3. Suit for a personal injury caused by stepping into a hole in the top of such a catch-basin was not barred by the statute of limitations because the basin was originally constructed four years before the suit was brought, where the person injured sued within less than two years from the time when the injury occurred.

(a) The statute of limitations applicable to the prosecution of a person who wrongfully obstructs or interferes with a highway has no application to a suit by one who suffers a personal injury by reason of the existence of a catch-basin so unlawfully built.

4. The evidence was not such as to require a reversal under the contention that the verdict was unauthorized because the evidence showed that the county authorities had assumed jurisdiction over the structure in question and had relieved the defendant from any duty in regard to it.

5. When the limits of the municipal corporation were extended so as to include a part of a highway which had previously been beyond the limits, such part of the highway then became one of the public streets of the city, and the municipality became liable for failure to keep it in proper repair, as it would be for failure to repair its other streets.

(a) But whether or not the municipality was liable on account of an injury occurring there, this did not operate to release from liability one who unlawfully placed in the highway before it became a street a catch-basin which caused a personal injury to a passer.

6. Allegations and proof as to the ownership by the defendant of abutting property, the situation of its tracks and station for passengers at that point, the digging of a ditch across the street, and the laying of a pipe connecting this with another catch-basin, were competent as showing the situation and surroundings, and that the defendant built the catch-basin for its own benefit.

7. Evidence on the part of the city engineer that the construction of sewers came within the control of the engineering department of the city, and that such department had never had anything to do with the catch-basin in question, was admissible as tending to show that the city had never assumed or exercised control over such basin as a part of its drainage system.

(a) So likewise, evidence of the chief of the sanitary department was admissible to show that such department cleaned the catch-basins in the city, and that they had never cleaned out the one in question. If his other evidence as to the practice in cleaning catch-basins rendered the admissibility of this doubtful, its admission would not require a reversal.

8. In a suit for a personal injury, where the nature and extent of the injury, the character of the treatment administered, the services rendered by physicians, and the amount paid therefor were fully proved, a charge to the effect that the plaintiff, if entitled to recover, would be entitled to recover such reasonable amount of physicians' bills and necessary expenses incurred in consequence of the injury as might have been proved to the satisfaction of the jury, was not without evidence to support it, although no witness expressed the opinion that the charges were reasonable.

9. Where there were two counts in the petition, and the verdict was in favor of the plaintiff, without stating on which count it was based, if this furnished any ground for objection to the verdict when returned, it was no cause for a new trial, in the absence of any such objection.

10. None of the other assignments of error require a reversal.

August 19, 1912.

Action for damages. Before Judge Bell. Fulton superior court. May 6, 1911.

*Colquitt & Conyers,* for plaintiff in error.

*James L. Key,* contra.

Lumpkin, J. The Georgia Railway & Electric Company, without permission from the county authorities, constructed a catch-basin on the edge of a public highway near the City of Atlanta, with a pipe running under the street to another catch-basin, and thence connecting with a drain. Afterwards the limits of Atlanta were extended, so that the highway at this point and the catch-basin were taken into the city. About four years after its construction, the plaintiff, while going to board a street-car at night, stepped upon the covering of the catch-basin. At that time there was a hole in such covering, into which he stepped and was injured. He recovered a verdict, and after the refusal of a new trial, the defendant excepted.

1. The digging up of the public highway and placing the catch-basin there with its connecting pipe, without permission of the proper authorities, was unlawful. Penal Code, §§ 543, 544, 545. The defendant, having placed the basin on the edge of the street or sidewalk to protect its own property from surface-water, was liable for damages resulting therefrom. If it had been placed there by permission of the proper authorities, the question of liability for injury would have depended on diligence or negligence in the manner of the construction, or maintenance, if there were a duty to maintain.

But if one unlawfully places such an obstruction or excavation

in a public highway, he is not relieved from liability resulting therefrom by setting up that he exercised diligence in the manner of the creation and maintenance thereof. 15 Am. & Eng. Enc. Law (2d ed.), 433; 2 Dill. Mun. Corp. (5th ed.) § 1725; Congreve v. Morgan, 18 N. Y. 84 (72 Am. D. 495); 2 Elliott on Roads & Streets (3d ed.), §§ 899, 902; Joyce on Nuisances, § 230. Note also the language of the Penal Code, § 543, as to damages. The evidence did not require a finding that there was any want of ordinary care on the part of the person injured.

2. An owner of property abutting upon a street or highway is not, by virtue of being such owner, liable for defects in the street or highway. But this rule has no application where the owner of abutting property creates a defect in a street or highway or a nuisance therein. In the latter event he is liable, not because he owns the abutting property, but because he creates or maintains the thing from which injury results.

3. It was contended, that, if the placing of the catch-basin at that point was without authority when it was constructed, about four years had elapsed from that time until the suit was brought, that the defendant was not shown to have taken any further action after the construction was completed, and that a suit for an injury arising from such construction was barred by the statute of limitations. Inasmuch as the plaintiff was not hurt until 1908, and therefore had no cause of action until that time, and brought suit within less than two years after his cause of action arose, it is not easy to see how such cause of action was barred because the original construction of the catch-basin occurred two or three years before the injury. If the plaintiff had a cause of action arising from a personal injury to him, it could not well be barred before it arose, and it was not barred afterward. If the construction of the catch-basin in the highway by the defendant for its own benefit, without permission of the authorities, was the creation of a nuisance, injury from the maintenance of a nuisance furnishes ground for recovery, as well as injury arising from its original creation. No formality is necessary to maintain a nuisance. If it is kept or continued, when it should have been abated, it is maintained. That the defendant was not proved to have had work done at this place after constructing the catch-basin and before the injury does not suffice to show that it did not maintain the basin. In fact the de-

fendant's agent directed that the catch-basin be repaired after the injury. Though this was not admissible as evidence of negligence, it tended to show an assertion of control over and maintenance of the structure even after the plaintiff was injured. *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (52 S. E. 539); Wood on Nuisances, § 865; 29 Cyc. 1260. The limitation of actions as to a continuing nuisance affecting the value of property can not be applied to a case like this, where no injury arose to the person of the plaintiff at once upon the construction of the basin, but by its existence at the time when he was hurt.

Likewise the statute of limitations applicable to the prosecution of a person who wrongfully obstructs or interferes with a highway has no application to a suit by one who suffers a personal injury by reason of the structure.

4. It was contended that the evidence showed that the county authorities had assumed jurisdiction over this basin after its erection, and had relieved the defendant from any duty in regard to it; and that the verdict was unauthorized. We can not concur in this contention. The mere fact that the county or municipal authorities did not promptly require the plaintiff to remove the basin as a nuisance, did not necessarily operate to accept it as a part of the public works. Whether it might have any evidential value is not the question. Nor do we think that the other evidence relied on for that purpose was sufficient to support the contention of the defendant.

5. When the limits of the City of Atlanta were so extended as to include the highway at that point, it became one of the public streets of the city, and the municipality became liable for failing to keep it in proper repair, as it would be for failing to repair other streets. It was contended that this duty on the part of the municipality relieved the defendant from any duty or liability on account of the catch-basin. This contention is not sound. Whether or not the city is liable for permitting a nuisance to exist in one of its streets, or permitting one of them to be in bad repair, this furnishes no relief to a person who creates the nuisance or puts the street in bad repair. The possible liability of the city does not exculpate one who unlawfully places in the highway that which causes an injury to a passer. 2 Dill. Mun. Corp. (5th ed.) § 1727; 15 Am. & Eng. Enc. Law (2d ed.), 433.

The argument that if one cuts up a suburban tract of land into lots and streets, or lays a sidewalk on a country road, and the place where this is done is subsequently taken into the corporate limits of a city, the municipality becomes liable for failure to keep it in repair, and the person making the plat or laying the sidewalk is not liable on account of a bad condition which may arise therein, is not applicable to this case. The authorities cited, on those subjects, have reference to a case where the original act was lawful and the injury involved resulted from subsequent negligence on the part of the municipality or others.

It was urged that the defendant, having put down the catch-basin and the drain, could not take it up or alter it without permission, and therefore it could not be held liable for not doing so. The sufficient answer to this proposition is that the defendant has made no effort to do so, with or without permission. If one should dig a hole in the middle of a city street and erect a post there without authority, it would furnish no argument against his liability for injuries resulting therefrom that if he undertook to dig up the street in order to get the post out of the way, without permission, he would again violate some law. This would lead to the position that if one can get a nuisance erected in a street, he can keep it there without liability for damages by saying that he would have to dig up the street to get it out, and that he would have to ask the permission of the municipal authorities to dig up the street.

6. It was contended, that the ownership by the defendant of abutting property, the situation of its tracks and station for passengers at that point, the digging of the ditch across the street, and the laying of a pipe connecting this with another catch-basin were irrelevant matters, and that the allegations on the subject should have been stricken, and the evidence rejected. Such allegations and evidence were proper to show the situation and surroundings, and that the defendant built the catch-basin for its own benefit.

7. Objection was made to evidence on the part of the city engineer, that the construction of sewers came within the control of his department, and that such municipal department never had anything to do with the catch-basin in question. This evidence was admissible, in connection with that showing that no permission to do the work was originally obtained. It tended to prove that the

city, through its officials dealing with matters of sewers and drains, never assumed or exercised jurisdiction over this particular catch-basin by dealing with it in any way, so as to recognize it as a part of the municipal drainage, or authorize the defendant to assume that it had thus been taken over by the city.

The evidence of the chief of the sanitary department was also admitted, over objection, to show that that department had a force of men who cleaned catch-basins in the city, and that he did not think they ever cleaned out the catch-basin in question. This was admissible for the same reason. If its admissibility was rendered doubtful by the statement of the witness that he did not know there was no sewer there on that street in 1908, and that they never cleaned out catch-basins except where there was a sewer, the admission of the evidence would not cause a reversal.

8. The presiding judge charged that the plaintiff, if entitled to recover, would be entitled to recover such reasonable amount of physicians' bills and the necessary expenses incurred in consequence of the injury as might have been proved to the satisfaction of the jury. It was urged that this charge was without foundation in the evidence, because there was no proof that the amounts of the physicians' bills were reasonable or necessary, or what was the value of the services. As to this point counsel cited *Allen* v. *Harris,* 113 *Ga.* 107 (38 S. E. 322), and *Southern Ry. Co.* v. *Williams,* 113 *Ga.* 335 (38 S. E. 744). In the first of those cases it was held that evidence of what was paid for professional services is not, without more, sufficient proof of their value. From the decision it seems that the only proof introduced in support of two items of damages recovered, on account of bad faith or stubborn litigiousness on the part of the defendant, was that the plaintiff paid a surveyor $3 for resurveying a lot intended to be described in the deed which it was sought to have reformed, and paid his attorney $200 for bringing and prosecuting the case. It was said that it might have been legitimate to show what was actually paid for the services, but this alone was not sufficient to establish that such services were worth the amount contracted to be paid or actually paid therefor. In the second case above cited it was held that while proof of the cost of an article or thing is not a criterion of its value, yet such evidence is admissible as a circumstance in an inquiry instituted to ascertain the value. In the present case there was proof

of the amount of expenses incurred and paid by the plaintiff for treatment on account of the injury. But the evidence did not stop there. The physicians who attended him were introduced, and described the nature of the injury, the treatment given to him, and the nature and extent of the services rendered.

In *Baker* v. *Richmond City Mill Works*, 105 *Ga.* 225 (31 S. E. 426), it was held that jurors, in passing upon the testimony of an expert witness as to the value of professional services, are not absolutely bound by his opinion, but may exercise their own judgment on the subject, taking into consideration the nature of the services, the time required to perform them, and all the attendant circumstances. This ruling has since been followed. *Jennings* v. *Stripling*, 127 *Ga.* 778, 784 (56 S. E. 1026). If the jury are not bound by the opinion evidence, but may put their own estimate upon the value of the services in view of their nature and character, and the attendant circumstances, it can not be said there is nothing on which they may base a verdict, or on which the judge may base a charge, if the nature of the injury, the character of the services rendered, and the amount paid therefor are all proved, but there is a mere omission on the part of a witness to say that he thinks that the amount was reasonable.

9. It was contended that there were two counts in the petition, and that the verdict did not show on which one it was based. If there would have been any merit in this as an original proposition, the defendant was not shown to have made any objection to the verdict when returned, or to have invoked any ruling of the court on the subject. *Dalton* v. *Drake*, 75 *Ga.* 115 (2).

10. There were various other assignments of error, distributed through thirty grounds of demurrer and twenty-two grounds of the motion for a new trial. What has been said above disposes of the most substantial questions raised. As to the others not specifically mentioned, it is sufficient to say that they require neither discussion nor a reversal.     *Judgment affirmed.     All the Justices concur.*