ENNIS, solicitor-general, *v.* POLLOCK *et al.,* commissioners.

PER CURIAM.   While there may be cases in which the writ of mandamus may be used to compel county officials to discharge a duty imposed upon them by law, or they may be enjoined from the commission of a trespass or other tort under circumstances rendering equitable interposition proper, yet a most substantial part of the controversy involved in the present case is whether the duty of keeping in repair or rebuilding a certain bridge located in the corporate limits of the City of Rome rests upon the County of Floyd or upon the City of Rome. This controversy can not be properly determined, in the absence of the county as a party, by seeking to enjoin the county commissioners from maintaining the present bridge. Accordingly (the point as to whether there were proper parties having been raised), there was no error in refusing to grant an interlocutory injunction against the county commissioners alone, seeking to prevent them from maintaining the bridge as being a nuisance, and compelling them to build a new bridge.

(*a*) Whether or not the county commissioners could have been joined with the county as parties, it is unnecessary to decide.

(*b*) The injunction sought was furthermore largely mandatory in character.

(*c*) It is not decided whether, even with proper parties, there was any merit in the petition, or whether on the County of Floyd rather than on the City of Rome rested the duty of maintaining the bridge or of rebuilding it, if necessary. On this subject see Acts 1880-81, p. 540, sec. 3; Acts 1909, pp. 1255, 1285, sec. 51; *Commissioners of Polk County* v. *Cedartown,* 110 *Ga.* 824 (36 S. E. 50); *Georgia Railway & Electric Co.* v. *Tompkins,* 138 *Ga.* 596 (5), 600 (75 S. E. 664).

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 25, 1915.

Petition for injunction.   Before Judge Wright.   Floyd superior court.   March 5, 1914.

*Junius F. Hillyer* and *W. M. Henry,* for plaintiff.

*M. B. Eubanks, Max Meyerhardt,* and *Dean & Dean,* for defendants.