10323.  BAGWELL, adm'x, v. GEORGIA RAILWAY & POWER COMPANY.

BROYLES, P. J.   1. While the bill of exceptions recites that a verdict was directed in favor of the defendant, neither the bill of exceptions nor the motion for a new trial contains an assignment of error upon such direction.   Therefore, under repeated rulings of this court and of the Supreme Court, the authority of the court to direct a verdict in favor of the defendant will not be passed upon, and the only question considered in that connection will be:   Was the verdict authorized by the evidence?

2. Section 638 of the Civil Code and section 547 of the Penal Code (1910) are identical and are taken from the same act (Ga. L. 1890-1, p. 134), and, when construed in connection with sections 544 and 545 of the Penal Code, it is apparent that the provisions of the two first-mentioned code sections are not violated where a person or corporation places *temporarily*, with the written permission of the county commissioners of Fulton county, a pile of cinders in a public "registered" road of that county.   See, in this connection, *Georgia Ry. & Power Co.* v. *Tompkins*, 138 *Ga.* 596, 598 (75 S. E. 664).

3. The act creating a board of commissioners of roads and revenues of Fulton county (Ga. L. 1880-1, p. 508) declares that the board shall have "exclusive jurisdiction and control . . in directing and controlling all the property of the county, as they may deem expedient, according to law, . . and to exercise such other powers as are granted by law, or are indispensable to their jurisdiction over county matters." Under this broad grant of power the county commissioners have authority, in their discretion, to allow *temporary* obstructions to be placed in any of the county's public roads.   See, in this connection, *Wright* v. *Floyd County*, 1 *Ga. App.* 582 (58 S. E. 72), and authorities cited.   This ruling is not in conflict with the decision in *Decatur* v. *DeKalb County*, 130 *Ga.* 483 (61 S. E. 23), and the other authorities cited by counsel for the plaintiff in error.   Those cases hold in effect that county commissioners have no authority to virtually dispose of the county's property by leasing it for a long term of years, or to permit *permanent* or quasi-permanent encroachments or obstructions upon its public roads, and are not applicable to the facts of the instant case.

4. Where a company is incorporated under the general law as a street and suburban railroad company it has authority to contract for carriage of passengers and freight, and where it contracts to deliver a carload of cinders at a certain point on its line, on a public road, outside of the corporate limits of any municipality, and, in pursuance of the contract, does deliver the cinders to the consignees by temporarily depositing them, under written permission of the county commissioners, in a public road at the point designated in the contract, and the consignees receive and accept them at that place, the carrier is not thereafter liable in damages to travelers on the highway for personal injuries caused by such obstruction.   The duty of removing the obstruction within a reasonable time, and of taking all necessary and reasonable precautions to protect travelers upon the road from being injured by it before its removal, rests upon the consignees and not upon the carrier.

5. The court did not err in admitting in evidence the written permit from the board of county commissioners authorizing the defendant company to place the cinders temporarily in the public road, or the written acceptance by the consignees of such delivery.

6. If the admission of the other testimony complained of in the motion for a new trial was erroneous, the error was slight and does not require a new trial.

7. The verdict was amply authorized by the evidence, and the court did not err in refusing to grant a new trial.

 *Judgment affirmed. Bloodworth and Stephens, JJ., concur.*
 DECIDED JUNE 13, 1919.

Action for damages; from city court of Atlanta—Judge Reid. December 7, 1918.

*Thomas J. Lewis, Hewlett & Dennis,* for plaintiff.

*Colquitt & Conyers,* for defendant.