A96A0014. DUNCAN v. CITY OF MACON.
(472 SE2d 455)

RUFFIN, Judge.

Debbie Duncan, individually and as next friend to her son, Mario Duncan, sued the City of Macon ("the City") for personal injuries sustained by Mario. The trial court granted the City summary judgment, and Duncan appeals. For reasons which follow, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out

by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In this case, Duncan alleged that Mario was severely injured when a car struck him at a Macon intersection. She further alleged that the City and other entities negligently designed, constructed, and maintained the intersection's crosswalks and traffic signals, and that these negligent acts proximately caused Mario's injuries. The City moved for summary judgment, claiming it had sovereign immunity under OCGA § 36-33-1. The City also presented affidavits showing that the Georgia Department of Transportation ("DOT") designed and constructed the intersection's crosswalks.

In response to the motion, Duncan argued that the City was liable for the defective design and construction of the intersection under OCGA § 32-4-93 (b) and that sovereign immunity did not bar the action because the intersection constituted a nuisance, an exception to the doctrine. Duncan raises these same arguments on appeal.

1. Duncan appears to argue that because the City agreed to maintain the intersection, it was responsible for correcting design and construction deficiencies.

OCGA § 32-4-93 (b) provides that "[a] municipality is relieved of any and all liability resulting from or occasioned by defective construction of those portions of the state highway system . . . lying within its corporate limits or resulting from the failure of the department . . . to maintain such roads as required by law unless the municipality constructed or agreed to perform the necessary maintenance of such road."

It is undisputed that the intersection where the accident occurred is part of the state highway system. Duncan has also produced evidence which shows that the City agreed to maintain that portion of the state highway system located within the City limits. However, we disagree with Duncan that the City's agreement to maintain the intersection includes the obligation to correct design and construction deficiencies.

OCGA § 32-1-3 (15) defines the term "[m]aintenance" as "the preservation of a public road, including repairs and resurfacing not amounting to construction as defined in this Code section." The term "construction" is defined to include "planning, . . . designing, . . . striping, . . . [and] modifying for safety purposes, . . . together with all activities incident to any of the foregoing." OCGA § 32-1-3 (6). It is clear from these definitions that even though the City agreed to maintain the highway, that agreement did not include any activities

related to construction, design, or modifications of a crosswalk and traffic signal for safety purposes. Because the gravamen of Duncan's claim is based on negligent design and construction of the crosswalk and traffic signal, and Duncan has not shown that the City was under any duty to perform these tasks, the trial court did not err in granting the City's motion on this claim. See OCGA § 32-4-93 (b).

2. We also disagree with Duncan's assertion that under the facts of this case the City is liable for maintaining a nuisance.

Cities, like individuals and private corporations, may be liable for damages to third parties caused by the operation or maintenance of nuisances, without regard to whether they are performing a governmental function. *City of Fairburn v. Cook*, 188 Ga. App. 58 (6) (372 SE2d 245) (1988). To establish a nuisance, Duncan must show that: (1) the defect or degree of misfeasance rose to a level exceeding the concept of mere negligence; (2) the act was of some duration and the maintenance of the act or defect was continuous or regularly repetitious; and (3) that the municipality failed to act within a reasonable time after learning of the defect or dangerous condition. *City of Bowman v. Gunnells*, 243 Ga. 809, 811 (256 SE2d 782) (1979).

Duncan's nuisance argument fails for two reasons. First, as we held in Division 1, the City was not responsible for any deficiencies in design or construction. Second, the City presented the affidavit of William Wilke, its traffic engineer, who attested that the City had received no prior reports of accidents involving pedestrians at the intersection and thus lacked knowledge of the alleged defect or dangerous condition. This uncontroverted evidence forecloses Duncan's nuisance argument. Accordingly, we find that summary judgment was properly granted.

*Judgment affirmed. Johnson, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MAY 24, 1996 —
RECONSIDERATION DENIED JUNE 17, 1996.

*Edwards & Youmas, Lonzy F. Edwards*, for apellant.
*John P. Cole, Anderson, Walker & Reichert, Susan S. Cole, Joan W. Harris*, for appellee.