## A97A1101. CITY OF SOCIAL CIRCLE v. SIMS et al.
(492 SE2d 240)

Judge Harold R. Banke.

In this interlocutory appeal, the City of Social Circle ("the City") appeals the denial of its motion for summary judgment. The City enumerates three errors.

To prevail on summary judgment, defendants who will not bear the burden of proof at trial may point out by reference to the record that there is no evidence, viewed in the light most favorable to the non-movant, sufficient to create a genuine jury question on at least one essential element of plaintiff's case. *Butler v. Gwinnett County*, 223 Ga. App. 703 (479 SE2d 11) (1996). Viewed in that light, the record shows that this case arose after Jamie Aldridge drove off a curve on Road 451 just inside the City limits and sustained injuries. She and her mother, Veresa Sims (collectively "Aldridge") sued the City and Walton County, alleging that severe defects in the road's design, maintenance, guardrail, and signs caused the wreck. Aldridge proceeded under negligence and nuisance theories.

The City moved for summary judgment, arguing that it was not liable for the alleged defects because the accident occurred on a county road it had not assumed an obligation to maintain. Shortly after the City filed its motion, Aldridge voluntarily dismissed the County.

This appeal ensued after the court denied the City's motion, finding issues of fact remained to be tried on whether the road was part of the county or municipal system. The court also determined that whether the City had constructive notice of the alleged defects

presented a jury question. *Held*:

1. The trial court properly denied summary judgment on the issue of whether the City had no duty with regard to Road 451. It is undisputed that the County acquired the property for Road 451 in 1951 and 1952. When the County and the Georgia Department of Transportation constructed the road in 1958 it extended up to, but not into, the City limits. At that time, the City limits extended one mile in every direction from a public well located at an intersection in town. In 1972, the General Assembly extended the City limits to two miles in every direction from the public well.

When public highways are in an annexed area and become city streets, the city must keep them reasonably safe. *Culpepper v. City of Cordele*, 212 Ga. App. 890, 893 (443 SE2d 642) (1994); *Mayor &c. of Macon v. Morris*, 10 Ga. App. 298, 300 (2) (73 SE 539) (1912). This rule applies even if county authorities made valuable improvements to the road prior to annexation. *Marshall v. County of Floyd*, 145 Ga. 112, 119 (1) (88 SE 943) (1916).

In determining which entity owns the road, OCGA §§ 32-4-1, 32-4-2, and 32-4-40 must be considered. Subsection (2) of OCGA § 32-4-1 defines county roads as "those public roads within that county, including county roads extending into any municipality within the county, which are shown to be part of that county road system by the department records on July 1, 1973, and any subsequent additions to such county road system made by the county." Municipal street systems consist of public roads within a municipality's limits which are not classified as state or county roads. OCGA § 32-4-1 (3). At trial, the jury must review the evidence in light of OCGA §§ 32-4-1 (2) and 32-4-2 (a) and (f) to determine which entity owned the stretch of road at issue.[1]

2. Having found that issues of material fact remain to be tried as to whether Road 451 became part of the City at the time of annexation, we reject the City's argument that OCGA § 32-4-93 (b) shielded it from liability because it undertook no duty of maintenance and the alleged defects did not fall within that duty. *Culpepper*, 212 Ga. App. at 893; compare *Duncan v. City of Macon*, 221 Ga. App. 710, 711 (1) (472 SE2d 455) (1996). Because subsection (b) relates to the liability of cities resulting from defective construction and maintenance of state and county roads lying within the corporate limits, we cannot say it is inapplicable.

---

[1] Because OCGA § 36-36-7 was not enacted until 1981, it has no application to this case. See *Barnes v. City of Atlanta Police Dept.*, 219 Ga. App. 139, 141 (464 SE2d 609) (1995). OCGA § 36-36-7 (c) mandates that, unless otherwise agreed to, a municipality's annexation of land on either side of a county road results in the municipality's assumption of ownership of that road.

3. Nor did the trial court err by failing to dispose of the nuisance claim. If the finder of fact determines that the road belonged to the City and its condition constituted a nuisance, then the City faces liability. See *Ga. R. &c. Co. v. Tompkins*, 138 Ga. 596, 600 (5) (75 SE 664) (1912).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 7, 1997 —
RECONSIDERATION DENIED SEPTEMBER 23, 1997 —

*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell*, for appellant.

*Dickinson & Mixson, Michael K. Mixson*, for appellees.