### 2434.   HERNDON *et al.* v. SIMS, ordinary, for use, etc.

1. The evidence fully supports the verdict.
2. There was no material error in the rulings upon testimony or in the
instructions excepted to.
3. There was no error in causing the verdict to be reformed or remodeled
in the presence of the jury before they had retired from the box.

Action on bond; from city court of Valdosta—Judge Smith.
December 10, 1909.

Argued April 15,—Decided April 19, 1910.

*J. G. Cranford, E. K. Wilcox,* for plaintiffs in error.

*J. R. Walker, G. A. Whitaker,* contra.

POWELL, J.   There will be nothing new or profitable in elab-
orating the first and second grounds.  As to them, we will only say
that if any of the exceptions are even abstractly meritorious (and
we are not willing to say that they are), they were too immaterial
to justify the reversal of a verdict so well supported by the testi-
mony as the one in the present case.  One point in the record per-
haps deserves specific attention.  It is this:  The amount sued for
was $1,430.80 and interest.  When the jury came into court with
a verdict, and counsel for the plaintiff was about to receive it and
publish it, he called attention to the fact that the jury had found
for the plaintiff in the sum of $1,432.80 and interest.  Counsel
asked permission to correct the verdict, to make it correspond with

the pleadings. The court, addressing the jury, said: "I understand, gentlemen of the jury, by this verdict that your finding was in favor of the plaintiff, and for the amount sued for and interest from the time, and against the defendant M. M. Herndon, as principal, and this company as security; and counsel for the plaintiff desire to write off that much of the verdict above the amount sued for." To which one of the jurors replied, "Yes, sir." The court thereupon permitted counsel for the plaintiff, over the objection of the defendant (but in the presence of the jury), to change the figures from $1,432.80 to $1,430.80, and also to interline in the verdict the words "against the defendants, M. M. Herndon, principal, and the United States Fidelity & Guaranty Company, of Baltimore, Maryland, as security." The judge pursued the proper practice. He should not have received from the jury a verdict in excess of the amount sued for. Where, from a conference with them, it was plain that they had made a mere clerical mistake, it was proper to allow counsel to change it in their presence. Further, the finding generally in favor of the plaintiff, without specifying that it was against the defendants, was nevertheless, by construction, equivalent to a finding against both of the defendants; and as one of them was sued as principal and the other as security, there was nothing wrong in requiring the verdict to be amended so as to conform to the issue in this respect. The judge has, of course, no right to reform the verdict so as to substitute his views for those of the jury as to any matter in dispute, but where the verdict is informal and yet plainly shows an intention to cover the matter in dispute in a certain way, or a conference with the jury discloses their intention, it is his duty to cause it to be put into proper form before he receives it from the jury.

*Judgment affirmed.*