## 44033. PIRKLE v. WIDENER et al.

WHITMAN, Judge. 1. In the trial of this case, after the charge to the jury had been completed and before the jury returned its verdict, the appellant made the following exception to the charge: "Your Honor, we except to you giving any of the plaintiff's requests to charge because we have never received a copy of the same as required by the statute and they were not presented to the court until after the arguments."

The plaintiff's requests to charge (as shown by the record at pages 31 and 32) were as follows: "I charge you that in the absence of an expressed provision in the contract requiring the well to produce specified quantity of water, it is immaterial whether or not the well when finished, is useful to the owner or fit for the purpose of its intended use." "I charge you that if you find in favor of the plaintiff, the extent of the damages is to be measured by the number of feet drilled at the contract rate plus and item of sales tax due on materials used."

Appellant Pirkle contends in his brief that *pursuant to said requests* the court charged as follows: "I charge you that the general rule is that under a contract to sink a well, a contractor does not in the absence of any provisions to this effect guarantee the results of the undertaking, respect of the quanity or quality of water to be produced." "I charge you under a contract to drill a well until the water is secured or the employer is satisfied, the contractor is bound to drill only to a reasonable depth considering the means which he has for doing the work."

The appellant states in his brief "Appellant has abandoned the issues raised by the general grounds of his motion for a new trial and will insist only on the court's giving, in substance, plaintiff's requests to charge which were not submitted to defendant in time, as required by the statute. Plaintiff submitted the aforesaid requests to charge to the court and, at

402

the time that the same were submitted, defendant's counsel did not receive a copy."

The court did charge as indicated in the two quoted paragraphs last hereinabove set forth, and did not charge the first two quoted paragraphs first hereinabove set forth as plaintiff's requests to charge. (Charge is set forth in transcript, pages 57 et· seq. and pertinent portions thereof at pages 60 and 61). The phrase "pursuant to said requests" and the phrase "in substance" in the quoted portion from appellant's brief above set out are to be and are disregarded. The court in its charge did not give the plaintiff's requests to charge, and appellant's appeal is without merit.

However, assuming that the charges as given may be regarded as the equivalent of the requested charges, appellant's appeal is likewise without merit.

The statute (*Code Ann.* § 70-207(b); Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078) does provide that the time for presentation of requests to charge is at the close of the evidence or earlier and that opposing counsel shall be given copies of the requests for their consideration. The trial court did not on the exception of appellant to the charge change its charge as given as first hereinabove stated. In this aspect of the case appellant is complaining of a procedural defect. He did not contend in his objection that any portion of the charge contained an incorrect legal principle or was not adjusted to the evidence or was otherwise incorrect. We can reverse only if appellant shows that he was somehow prejudiced or harmed by the procedural defect. The only argument made in this regard is that one of the purposes of the statute is to enable counsel to know prior to the time for closing arguments what action the court will take with regard to the requests so that counsel may make more enlightened arguments to the jury. If such is a substantial right as opposed to a mere technical right, as some of the federal cases cited in appellant's brief hold, it can not be the basis for a reversal in this case because neither party had such advantage. No request was presented to the court until *after* arguments by both sides had concluded. Neither party knew what the charge contained until it was heard as it was given.

The trial court may be required by timely request or exception to include certain principles of law in its charge or to make

corrections in it. But we can perceive of no case where the trial court may be precluded from doing so, and such would be the effect of sustaining the exception taken by the appellant in this case.

2. On this appeal it is argued that the requests were "not sound as abstract principles of law and were contrary to the evidence introduced at the trial of said case." No objection on this basis was made at the trial and the objection that was made can not now be the vehicle for such contention. "Although on appeal plaintiffs argue additional grounds of objection to this charge, review of the charge enumerated as error is limited under *Code Ann.* § 70-207 (a) strictly to the ground of objection stated on the trial. *Georgia Power Co. v. Maddox,* 113 Ga. App. 642, 643-646 (149 SE2d 393)." *Palmer v. Stevens,* 115 Ga. App. 398 (14) (154 SE2d 803).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED NOVEMBER 7, 1968—DECIDED MARCH 14, 1969.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.

*Sanders, Hester, Holley, Ashmore & Boozer, Lamar C. Walter,* for appellees.