### 52813. FOLDS v. REESE et al.

QUILLIAN, Presiding Judge.

The plaintiffs sued the defendant for damages to real property in the amount of $2,500 plus punitive damages of $7,500 for wilful trespass. The jury returned a verdict for the plaintiffs awarding them $2,000 and after the denial of the defendant's motion for new trial, appeal followed. *Held:*

1. It is urged that the verdict awarding the plaintiffs $2,000 without specifying what amount was found for actual damages and what amount for punitive damages was error.

The trial judge charged the jury: "If you find for the Plaintiffs, the form of your verdict would be, 'We, the Jury, find for the Plaintiffs and against the Defendant the sum of so many dollars,' inserting in that verdict the amount to be awarded." No objection was made to the charge, nor was any objection made to the form of the verdict after its rendition but prior to the jury's dispersal.

If the form of the verdict was improper it was incumbent on the aggrieved party to make objection as to irregularity of form at the time of the rendition of the verdict, otherwise such technicality is waived. *W. Ga. Pulpwood v. Stephens,* 128 Ga. App. 864, 870 (198 SE2d 420). Accord, *Golosky v. Wherle,* 117 Ga. App. 335 (160 SE2d 614). "This is so because a verdict may be reformed or remodeled in the presence of the jury before they have retired from the box. *Herndon v. Sims,* 7 Ga. App. 675 (3) (67 SE 835). See also *Ga. R. &c. Co. v. Tompkins,* 138 Ga. 596, 603 (75 SE 664)." 128 Ga. at 870.

Thus, any irregularity in the verdict was waived by the defendant.

2. On appeal the review of a charge enumerated as error is limited to the grounds of objection urged below. *Pirkle v. Widener,* 119 Ga. App. 401, 403 (2) (167 SE2d 407).

The appellant urged that the charge was incorrect because Code § 105-2013 was controlling as to the measure of damages. As pointed out in *Milltown Lumber Co. v. Carter,* 5 Ga. App. 344 (1- 3) (63 SE 270); *McConnell Bros. v. Slappey,* 134 Ga. 95 (8) (67 SE 440); *Holcombe v. Jones,* 197 Ga. 825, 826 (5) (30 SE2d 903), that Code section is applicable in a trover action but not for trespass quare clausum fregit. "Where timber is wrongfully cut and carried away from land, and the owner sues upon the theory of a trespass to the realty, the measure of damage, where not wilfully done, is the diminution, if any, in the market value of the real estate by reason of the cutting of the timber. Where done wilfully, the plaintiff may recover exemplary or punitive damages in addition thereto." 197 Ga. at 826.

Here the pleadings, the pre-trial order and the evidence offered all made out a case of trespass. Hence, the charge was not error for the reason assigned.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED OCTOBER 12, 1976 — DECIDED NOVEMBER 1, 1976.

*Ketzky & Hipp, P. Seale Hipp,* for appellant.
*Wyatt, Wyatt & Solomon, John M. Wyatt,* for appellees.