## 31637. TILLER v. THE STATE.

UNDERCOFLER, Presiding Justice.

Defendant Tiller knocked on his victim's door one morning and asked if he could use her telephone because his car was broken down. As she did not see a car nearby, she refused. He nevertheless forced his way in, made her undress at gunpoint, and raped her. She immediately called the police, and later identified Tiller in a police lineup. At trial a thirteen-year-old girl testified that Tiller had also raped her. He received a life sentence and appeals. We affirm.

1. Tiller's first contention is that the trial court erred in allowing the state to question him on cross examination about his failure to inform the police of his consent defense when he was first taken into custody in violation of his Fifth Amendment rights. At that time he had talked freely with the police and had repeatedly denied the rape. We, however, need not reach this question because Tiller did not object to these questions at trial. *Roberts v. State,* 231 Ga. 395 (202 SE2d 43) (1973). "We have held in the past and so hold now that a party cannot sit idly by and ignore what appears to him to be an injustice, in the hope of a favorable verdict, and then complain when these hopes are denied him by an unfavorable one." *Strozier v. State,* 231 Ga. 140, 141 (200 SE2d 762) (1973). We find no reversible error.

2. Tiller next urges in Enumerations 2 and 3 that the trial court erred in failing to suppress the pre-trial and trial identifications of the defendant by the victim and the thirteen-year-old girl. The trial court did not err in holding that these lineups were not "unnecessarily suggestive," or that they tainted the in-court identifications.

3. Enumerations 4 and 6 raise questions of the admissibility of plaster casts of tennis shoe prints and hair samples taken from the defendant while in custody. Both victims had testified that their attacker had worn tennis shoes. Thus this evidence was relevant and not unnecessarily prejudicial especially in light of the thorough cross-examination by defense counsel.

The hair samples taken from Tiller, while in custody, were taken at a time after the defendant had requested

counsel, but in the absence of counsel. It is clear, however, that Miranda protects only testimonial evidence (Schmerber v. California, 384 U. S. 757 (1966)), and not non-compulsive physical evidence (*Creamer v. State,* 229 Ga. 511 (192 SE2d 350) (1972)). Since he could not have refused to provide the hair samples, the absence of his attorney could not have been prejudicial. *Strong v. State,* 231 Ga. 514 (202 SE2d 428) (1973); *Creamer v. State,* supra.

4. In his fifth enumeration, Tiller contends that the thirteen-year-old girl's testimony concerning a separate offense should not have been admitted against him. The resolution of this question turns on whether the two incidents were sufficiently similar that there is some logical connection where proof of one tends to prove the other. *Cawthon v. State,* 119 Ga. 395 (46 SE 897) (1903). We have carefully reviewed the evidence in this case and find sufficient similarities to meet this test. *Young v. State,* 237 Ga. 470 (1976).

There being no reversible error, the judgment must be affirmed.

*Judgment affirmed. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only, and Gunter, J., who dissents from Division 4 and the judgment.*

SUBMITTED OCTOBER 15, 1976 — DECIDED DECEMBER 1, 1976.

*Barham & Bennett, John R. Bennett,* for appellant.
*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.