## 33311. McDONALD v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of murder and sentenced to life imprisonment. He appeals.

The evidence shows appellant and his brother-in-law entered the victim's store. The victim told them to leave and picked up a rifle. Appellant stepped partially out of the store and fired a pistol at the victim. The victim staggered backwards and fired the rifle. Appellant then moved outside and fired his pistol through a window. The brother-in-law stated, "Don't shoot me. I am just a second." Both men fled and were later apprehended. The only evidence tending to show motive was that appellant's wife attempted to gain entry to the store through the back door during this occurrence.

Appellant and his brother-in-law were tried together. They presented no testimony. Appellant was found guilty of murder. The brother-in-law was found guilty of voluntary manslaughter.

1. The evidence authorized the verdict. The verdict was not repugnant. "There is general agreement among the courts that the prosecution of an accessory for manslaughter will not be precluded by the fact that the principal actor has been acquitted, or by the fact that he has been convicted of a higher degree of homicide than manslaughter." 95 ALR2d 177, 189; *Brown v. State,* 28 Ga. 199 (1859). The converse is equally correct.

2. There was no error in denying appellant's motion for severance. The crime was part of one continuous transaction and the death penalty was not sought. *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975); Code Ann. §

27-2101.

3. There was no error in denying the motion to suppress a pistol and rifle seized when appellant was apprehended. It was a legal arrest and the weapons were in plain view.

4. Enumeration 5 challenges the overruling of general and special demurrers to the indictment. The indictment is essentially in the language of Code Ann. § 27-701 and was not improper for any reason advanced by appellant.

5. There is no merit to Enumeration 6 in which appellant argues it was error for the judge to limit testimony by a state's witness solely to facts relative to the issue being tried. The testimony sought dealt with a liquor transaction between the victim, Boone, and the state's witness, Thompson. It was irrelevant and immaterial.

6. It was not error to restrict cross examination of a state's witness where the witness answered he didn't know whether or not he saw appellant using a revolver or an automatic when he observed appellant shoot twice into the store. The witness had answered this query three times. Further, questioning on the point was argumentative and objectionable, the point having been clearly made.

7. The trial court charged the jury that the presence of appellant's wife at the store or residence of the deceased or of her association with him would not be justification for appellant's killing the victim; however, the jury could consider this evidence in determining whether her presence would raise the issue of sufficient provocation to excite sudden and irresistible passion in a reasonable man and thereby reduce an unlawful killing from murder to voluntary manslaughter. The transcript shows only the presence of appellant's wife at the store soon after the killing and does not show for what reason she was there. We find no reversible error. Under the evidence the charge was beneficial rather than harmful. Nor do we find that the charge was an expression of opinion by the trial court.

*Judgment affirmed. All the Justices concur.*

114

SUBMITTED FEBRUARY 17, 1978 — DECIDED MARCH 7, 1978 —
REHEARING DENIED MARCH 28, 1978.

*J. Laddie Boatright,* for appellant.
*Phillip R. West, District Attorney, Arthur K. Bolton,
Attorney General, James L. Mackay, Assistant Attorney
General,* for appellee.