## 55513. WYNN v. THE STATE.

BIRDSONG, Judge.

Wynn appeals from his conviction, by a jury, of rape and armed robbery. *Held:*

1. Wynn argues that his victim's identification of him was tainted and therefore inadmissible. We have examined both the individual photographs shown to the victim and the line-up photograph and conclude that

neither procedure violated the "totality of the circumstances" test enunciated in Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247)(1967). See *Heyward v. State,* 236 Ga. 526 (224 SE2d 383). Wynn's contentions concerning the sufficiency of identifying information are controlled adversely by *Styles v. State,* 139 Ga. App. 128 (1) (228 SE2d 28).

2. Wynn's character was not improperly placed in issue by any of the testimony which he alleges was improper.

3. Wynn's contention that a warrant was required to obtain his fingerprints is without merit. *Tiller v. State,* 238 Ga. 67 (3) (230 SE2d 874); *Strong v. State,* 231 Ga. 514 (202 SE2d 428); *Creamer v. State,* 229 Ga. 511 (192 SE2d 350). Wynn also complains of prejudice arising from the fact that a fingerprint initially described by the state as having been found on a basin was in fact removed from a doorknob. This information was revealed at trial, where the trial court explicitly inquired of Wynn's counsel whether a continuance would be necessary, and if so, the reasons therefor. Wynn's counsel gave no response to this latter inquiry, and no continuance was granted. Motions for continuance are within the discretionary ambit of the trial judge and, absent a clear showing of abuse, this court will not reverse the judgment of the court below. *Keller v. State,* 128 Ga. App. 129, 131 (195 SE2d 767). No abuse of discretion has been shown and the trial court did not err in admitting the fingerprint evidence.

4. At the conclusion of the trial, the following statement was made by the trial court: "Counsel for the defendant has attracted my attention to the fact that in my closing comments to you my last remark was that I recommended that your first order of business was to elect a foreman of the jury. He was attracted my attention [sic] that there are eleven women on the jury and one man; therefore in effect I would be directing you to appoint the male as the foreman of the jury." While it is unnecessary for the trial court to alert the jury as to the identity of objecting counsel, it cannot be said that doing so deprived Wynn of a fair and impartial jury, or otherwise constituted reversible error. See *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 28, 1978 — DECIDED APRIL 28, 1978 — REHEARING DENIED JUNE 20, 1978 —

*John Thomas Chason, Robert L. Ridley,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Thomas W. Hayes, Assistant District Attorneys,* for appellee.