## 58697. LANE v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was indicted for murder and convicted of involuntary manslaughter. He appeals to this court. *Held:*

1. Error is assigned because two jurors saw the defendant in handcuffs as he was being brought to a "holding cell" outside the courtroom. The defendant was not brought into the courtroom in handcuffs. The two jurors who saw the defendant handcuffed were sworn, examined and testified that such fact did not influence their decision.

This case is controlled by *Howard v. State,* 144 Ga. App. 208, 212 (8) (240 SE2d 908), where under almost identical circumstances, no error was found. See *Key v. State,* 146 Ga. App. 536 (7) (246 SE2d 723). See also *Gates v. State,* 244 Ga. 587 (1979).

2. In Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979) the trial court instructed the jury that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The United States Supreme Court found this instruction to be unconstitutional, noting inter alia that the jury was never told the presumption could be rebutted.

In the case sub judice the defendant complains of the following portion of the charge: "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts. A person will not be presumed to act with criminal intention, but the jury may

find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted."

The Georgia Supreme Court in *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979) has recently approved a charge containing identical language to that found in our case except the judge after charging "that a person intends to accomplish the natural and probable consequences of his acts," further instructed the jury "this presumption may be rebutted."

However, here as in Sandstrom, supra, the jury was not charged, as our law provides (see Code Ann. § 26-604; CCG, Ga. L. 1968, pp. 1249, 1269), that such "presumption may be rebutted." It is true that the language of the second sentence beginning with "a person will not be presumed to act with criminal intention" tends to militate against the impression created by the first sentence of the charge. However, we are constrained to find that it does not negate the harmful effect of the unconstitutional language utilized in the charge.

We therefore follow Sandstrom, supra, where the jury was not told the presumption could be rebutted, rather than *Skrine,* supra, where the jury was so informed.

The instruction complained of was reversible error.

3. The remaining enumerations of error are without merit.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED JANUARY 17, 1980.

*Randall M. Clark,* for appellant.

*Glenn Thomas, Jr., District Attorney, John Ossick, Amanda F. Williams, Assistant District Attorneys,* for appellee.