## 61152. DIXON v. THE STATE.

BANKE, Judge.

The appellant and a co-defendant were convicted of armed robbery. The appellant testified that he was not present when the crime took place and that he took no part in it. On appeal, he contends that the trial court erred in failing to charge the jury on alibi, even though there was no request for such a charge. *Held:*

1. "Both this court and the Supreme Court have consistently held that where alibi is the sole defense of the accused, the failure of the trial court to charge on the defense of alibi, even in the absence of a request, is reversible error where there is some evidence to support it. [Cits.]" *Henderson v. State,* 148 Ga. App. 659, 661 (252 SE2d 83) (1979); *Pippins v. State,* 224 Ga. 462 (4) (162 SE2d 338) (1968). In the case before us, the appellant's testimony concerning his whereabouts at the time the crime was being committed is vague and uncertain, and it does not negate the possibility of his presence at the scene. See generally Code § 38-122. "While it would probably have not been error to charge on alibi under this evidence (*Taylor v. State,* 155 Ga. 785 (1) (118 SE 675)), yet where the evidence relating to alibi is not clear and of strong probative value, the failure to charge thereon, in the absence of a proper request, will not be cause for reversal. [Cits.]" *Pierce v. State,* 140 Ga. App. 894, 895 (232 SE2d 167) (1977). This enumeration of error is without merit.

2. The appellant also complains of the refusal of the trial court to accept the initial verdict of the jury, which found the appellant guilty of robbery by intimidation and his co-defendant guilty of armed robbery.

The evidence authorized a finding that the appellant was a party to the crime, although his role was less active than that of the co-defendant. The trial court rejected the initial verdict with instructions that if the defendants were both to be found guilty, each would have to be found guilty of the same crime. The jury later returned with a verdict finding both defendants guilty of armed robbery.

The trial court's refusal to accept the initial verdict was not authorized. In the case of *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179) (1973), this court certified the following question to the Supreme Court. "Where the evidence establishes that an accused committed a robbery by the use of an offensive weapon, may he or his co-conspirator be convicted of the 'lesser included offense' of robbery by intimidation?" The question was answered in the affirmative. See also *Allen v. State,* 164 Ga. 669 (1) (139 SE 415) (1927). As concerns any possible inconsistency in the verdicts, our courts have held that

consistency is not required as between principal actors and those who share guilt as accessories. See *McDonald v. State,* 241 Ga. 112 (1) (243 SE2d 53) (1978). "Juries in criminal cases in this country are free to render verdicts that are inconsistent or even the result of mistake or compromise. Dunn v. United States, 284 U. S. 390, 393 (52 SC 189, 76 LE 356 (1932))." United States v. Lichenstein, 610 F2d 1272, 1279 (5th Cir., 1980). There was ample evidence presented to show that a robbery took place and that the appellant was a party to the crime. Since the evidence was sufficient, appellant's conviction for either the greater or the lesser offense was a matter within the province of the jury.

Rejection of the first verdict was an impermissible invasion of the jury's province. See *Register v. State,* 10 Ga. App. 623 (4) (74 SE 429) (1911). Counsel's failure to object to the court's action in refusing to accept this determination does not alter its effect as an acquittal of the greater offense.

3. Appellant's additional enumerations of error, including one addressed to the general grounds, have been carefully considered and found to be without merit. A rational trier of fact could reasonably have found the appellant guilty of robbery by intimidation beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. The judgment finding the appellant guilty of armed robbery is vacated, and the sentence imposed thereon is set aside. The case is remanded to the trial court with direction that the verdict of guilty of robbery by intimidation be entered upon the record and that sentence be entered upon that judgment.

*Judgment vacated and case remanded with direction. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1981.

*Joseph P. MacNabb,* for appellant.
*William F. Lee, Jr., District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.