## 65058. DANSBY v. THE STATE.

Pope, Judge.

Defendant Carl Dansby was indicted, tried and convicted on four counts of theft by deception in that he, as plant manager of Duffey's Boneless Beef Company, a slaughterhouse and beef packing company, had processed a total of forty-five phantom cows on four occasions in July and August of 1978. He was sentenced to four years on each count, the sentences to run concurrently. Jerry Blair, the alleged feigned owner of the phantom cattle, was acquitted at the same trial.

1. In defendant's first three enumerations of error he raises the general grounds, asserting that the Jackson v. Virginia standard for sufficiency of the evidence was not met. The evidence against him was primarily his involvement in irregularities with the records in connection with the Blair cattle, a shortage of cattle on the days the Blair cattle had purportedly been processed and the fact that no one other than defendant could say that they had seen the Blair cattle.

Duffey's bookkeeper testified that she first became suspicious when she got the "kill sheet" in her office. It was in defendant's handwriting rather than the employee's who normally filled out the form; it did not have the weight of the cows recorded; there were no identification tag numbers or invoice references; and there was no record of any blood samples having been taken. The "drive sheet" was also in defendant's handwriting, which was equally as unusual. In addition, the required federal forms were missing. The bookkeeper also testified that defendant showed unusual personal interest in the processing of the records for these particular cows.

Other witnesses testified as to the discrepancy between the number of cows processed as per the records and the number processed as per the bone count and to the fact that no one could recall seeing any Blair cattle or paperwork regarding any Blair cattle. Much of the testimony of the bookkeeper was corroborated as well.

We hold that this evidence was sufficient to enable any rational

trier of fact to reasonably find defendant guilty of theft by deception beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although defendant vigorously tried to undermine the state's case by showing that the irregularities were not as unusual as the state's witnesses made them out to be, the jury was apparently not persuaded, as was its privilege. See *Wynn v. State,* 152 Ga. App. 479 (1) (263 SE2d 258) (1979).

2.(a) Defendant next contends that the verdict was deficient as a matter of law because the jury did not consider each count of the indictment. Defendant offers the affidavit of a juror in which the juror claims she only voted on count one of the indictment. Jurors, however, cannot impeach their verdict in this fashion. Code Ann. § 110-109 (now OCGA §§ 9-10-9 (civil) and 17-9-41 (criminal)); *Chadwick v. State,* 164 Ga. App. 102 (2) (296 SE2d 398) (1982); see *Aguilar v. State,* 240 Ga. 830 (1) (242 SE2d 620) (1978).

(b) Defendant further contends that the verdict must be reversed because it was impermissibly changed. The trial judge had neglected to send the verdict form enumerating the four counts out with the jury and they came back with only a general verdict recorded on the indictment. The judge gave the correct form to the foreperson and stated, "Maybe you can fill it out without returning to the jury room." The foreperson completed and signed the verdict form in open court, with the jury still in the jury box, and submitted it to the court. Defendant raised no objection and did not avail himself of the opportunity to poll the jury.

It has long been recognized, at least in civil cases, that verdicts may be reformed in the presence of the jury and even after the jury has dispersed. Code Ann. § 110-111 (now OCGA §§ 9-12-7 and 17-9-40); see, e.g., *Suber v. Fountain,* 151 Ga. App. 283 (3) (259 SE2d 685) (1979); *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864 (3) (198 SE2d 420) (1973); *Fowler v. Aldridge,* 108 Ga. App. 358 (3) (133 SE2d 48) (1963); *Herndon v. Sims,* 7 Ga. App. 675 (3) (67 SE 835) (1910). Furthermore, any objection to the reformation of the verdict is waived if not contemporaneously raised. *West Ga. Pulpwood &c. Co. v. Stephens,* supra at 870; see generally *Brown v. State,* 161 Ga. App. 55 (3) (289 SE2d 9) (1982). While we have found no criminal cases involving reformation of a verdict in the presence of the jury, we see no reason for limiting the principle to civil cases. On the contrary, we draw support from the fact the Code Ann. § 110-111, permitting amendment to the form of the verdict even after the jury has dispersed, is codified in the new Code in the Criminal Procedure title as well as the Civil Practice title. See, respectively, OCGA §§ 17-9-40 and 9-12-7. We therefore apply the principle here and consequently reject defendant's contention.

(c) Also in connection with this contention, defendant asserts that he was denied effective assistance of counsel because his counsel failed to object to the reformation of the verdict and because he failed to poll the jury. We do not, however, evaluate the effectiveness of counsel upon isolated trial errors. The *Pitts v. Glass* standard (231 Ga. 638 (203 SE2d 515) (1974)) requires us to look at the totality of the representation provided by counsel. Cf. *Dyer v. State,* 155 Ga. App. 705 (1) (272 SE2d 568) (1980). In doing so, we have no difficulty in finding that defendant had the benefit of a competent, well-prepared and aggressive advocate for his defense and that defendant's claim to the contrary is wholly without merit.

3. Defendant's final contention is that the verdict of guilty as to him is repugnant to the verdict of not guilty as to Blair. He claims that if Blair is innocent, so is he. We disagree. The evidence showed that defendant processed the phantom cattle, that Blair received the payment for the cattle and passed the payment on to a third person, Lindsey Newborn. The acquittal of Blair shows nothing more than that the jury found a reasonable doubt as to Blair's guilt of at least one of the essential elements of the crime. It has no bearing on whether defendant, by his own action, is guilty of the crime. While the acquittal of Blair arguably may be somewhat inconsistent with the conviction of defendant, we find that it is in no way repugnant. See *Dixon v. State,* 157 Ga. App. 550 (2) (278 SE2d 130). (1981).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1983.

*Michael C. Smith,* for appellant.
*Arthur E. Mallory III, District Attorney, Robert Sullivan, Assistant District Attorney,* for appellee.