67224, 67225. DEERING v. THE STATE (two cases).

McMURRAY, Presiding Judge.

Defendant was indicted in three counts, Count 1 being for the offense of burglary in that he entered a dwelling house of another with the intent to commit a felony (aggravated assault); Count 2 for the offense of aggravated assault upon a person with a pistol, the same being a deadly weapon, by pointing same at him and placing him in reasonable apprehension of receiving a violent injury; and Count 3 for the offense of possession of a firearm during the commission of a crime, the same being a pistol while committing a burglary involving the unlawful entry of a dwelling, a felony. He was tried, and the jury returned a verdict of guilty of Count 1 and not guilty of Counts 2 and 3. Defendant was then sentenced to serve a term of 20 years, the first 10 years in the state penitentiary with the balance of said sentence to be served on probation even if released earlier than the 10 years in prison. In Case No. 67225 the defendant appeals his conviction and sentence. In Case No. 67224 defendant appeals from the denial of a supersedeas bond after the denial of defendant's request for such a bond pending the appeal. *Held:*

Defendant has failed to follow Rule 15 of the Rules of the Court of Appeals (Code Ann. § 24-3615) adopted February 23, 1981, effective September 1, 1981, with reference to structure and content in that the sequence of arguments in the brief fails to follow generally the order of the enumerations of error to enable this court with more ease and convenience to correlate the errors enumerated to the arguments and citations of authority. However, we will endeavor to consider the arguments as made in the brief and examine same for error.

1. At the commencement of the trial the district attorney made an oral motion in limine to prohibit defense counsel from making any reference to color or race in the case and after much colloquy between the trial judge and both counsel the judge was of the opinion that he could only rule on this issue as the evidence comes in and reserved his ruling on the motion until the testimony is reached to determine what

is brought up. After further discussion the judge stated that he would restrict counsel as to the motion in limine to the opening statement as to both matters (color and race) and then proceed to the testimony to determine whether or not he would continue to enforce the motion in limine. The trial judge then further instructed counsel that he would restrict both of them "as to voir dire and opening statements" and then he would determine what would happen with reference to the testimony.

The first enumeration of error argued by defendant is that the court erred in restricting defendant from making any reference to race or color during voir dire and opening statements. Defendant now argues that the trial court erred in excluding any reference to color or race during the voir dire of the jury preventing the defendant from inquiring as to the bias and prejudice of the potential jurors. It is proper on voir dire to ask questions relating to racial prejudice of the jurors in order to test their impartiality. See *Bowens v. State,* 116 Ga. App. 577, 579-580 (5) (6) (158 SE2d 420); *Mize v. State,* 131 Ga. App. 538, 541 (2) (206 SE2d 530). In *Grant v. State,* 160 Ga. App. 837, 841 (4) (287 SE2d 681), this court has stated that counsel has a statutory right to examine prospective petit jurors "on any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail . . ., and any fact or circumstances indicating any inclination, leaning or bias which the jury might have respecting the subject matter," including "the religious, social and fraternal connections of the juror," citing Code Ann. § 59-705, as amended, now OCGA §§ 15-12-133 and 15-12-134. Here, however, the defendant has failed to point out wherein defense counsel was prevented from examining potential petit jurors on any matter with reference to impartiality or as to fact or circumstances including any leaning or bias which the juror might have with reference to race or color. Defendant simply has failed to point out in the record (transcript of evidence and proceedings as therein prepared) wherein defense counsel was restricted in the voir dire questioning of any potential petit jurors. While the last statement made by the trial judge that he was restricting counsel "as to voir dire" would appear to be a ruling that he was restricting counsel from making any reference to race or color, nevertheless defendant has failed to point out harmful error. It also appears from the 92 pages of transcript with reference to the voir dire of potential jurors defense counsel was not restricted in any manner. Harm, as well as error, must be shown, and this defendant has failed to do. *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53); *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). We find no error in this complaint.

2. Defendant's next argument is concerned with the alleged

error of the court in denying the defendant's motion to suppress evidence of blood samples taken of the defendant's blood and in admitting the results of the blood test in evidence over objection. Defendant contends that same was obtained without a search warrant and consent was obtained without advice of counsel by reason of a threat and hope of reward and after defendant had expressed a desire for an attorney there being no emergency in taking said sample. Here, as in *Strong v. State,* 231 Ga. 514, 519 (202 SE2d 428), the defendant was not compelled or forced to give the blood sample, the same being removed from the body through a minor intrusion. See in this connection *Aldrich v. State,* 220 Ga. 132, 134-135 (137 SE2d 463); *Creamer v. State,* 229 Ga. 511, 514-518 (2) (3) (192 SE2d 350); *Allison v. State,* 129 Ga. App. 364, 365 (1) (2) (199 SE2d 587). Here, a Jackson-Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was conducted and evidence presented regarding the circumstances at the time the defendant signed a consent to have his blood drawn. The evidence was presented that the defendant was advised as to the purpose for which the blood was being taken, was never promised any benefits nor offered even the slightest fear of injury in order to get him to sign the consent. The trial court then determined defendant's consent was given freely and voluntarily. We find no error in the court's determination that there was a voluntary consent on the part of the defendant as to the taking of the blood sample. Neither of the enumerations of error is meritorious.

3. During voir dire one of the prospective jurors indicated that she had such a leaning or inclination that it might not be overcome by the evidence and that it could affect her decision in the jury room despite the evidence and the court's charge. The court then examined her as to whether she "could sit as a juror and hear the evidence as it comes from the witness stand and decide the case solely on what you hear in court and not anything else that you know outside of court." The prospective juror then answered in the affirmative. The juror's opinion must be so fixed and definite that the juror cannot be changed by the evidence or by proper instruction by the court. See *Westbrook v. State,* 242 Ga. 151, 154 (3) (249 SE2d 524); *Butler v. State,* 231 Ga. 276, 277 (2) (201 SE2d 448). We find no abuse of discretion here. The trial court did not err in refusing to exclude the juror for cause. See *Thacker v. State,* 226 Ga. 170, 174 (2) (173 SE2d 186). Compare *Logue v. State,* 155 Ga. App. 476, 477 (1) (271 SE2d 42).

4. Defendant's next argument is that the trial court erred by not sustaining a motion in arrest of judgment as to the conviction in Count 1 following the not guilty verdicts in Counts 2 and 3 as a basis

for a finding that the verdict was inconsistent. Defendant contends that a verdict of guilty as to the burglary conviction cannot stand. He contends the entrance of the dwelling house with the intent to commit the felony of aggravated assault could not stand where the jury found in Count 2 there was no aggravated assault and no possession of a firearm during commission of a crime (Count 3), citing *Hightower v. State,* 39 Ga. App. 674 (2), 675 (148 SE 300); *Porter v. State,* 124 Ga. App. 285 (183 SE2d 631); *Hancock v. State,* 127 Ga. App. 21 (192 SE2d 435). See also *Kuck v. State,* 149 Ga. 191 (1) (99 SE 622). Nevertheless, each count in the indictment is regarded as if it were a separate one and consistency is not required in the verdict. See Dunn v. United States, 284 U. S. 390, 393 (52 SC 189, 76 LE 356); *Dixon v. State,* 157 Ga. App. 550, 551 (2) (278 SE2d 130). Accord: *Dansby v. State,* 165 Ga. App. 41, 43 (3) (299 SE2d 579); *McDonald v. State,* 241 Ga. 112 (1) (243 SE2d 53). Here, the defendant was charged by indictment with entering the dwelling with the *intent to commit* the felony of aggravated assault. While the jury did not find the defendant guilty of aggravated assault and did not find him guilty of the possession of a firearm during the commission of a crime, the evidence was ample for the jury to make a determination under the facts that the defendant was guilty as charged as to the burglary count. The above cases setting forth repugnancy in the verdicts are inapposite. We find no merit in this complaint.

5. The defendant made certain admissions while in custody. The trial court conducted a Jackson-Denno hearing to determine the admissibility of these in-custody statements and found that the defendant's statements were freely and voluntarily made. This case is inapposite on its facts to that of *Pierce v. State,* 238 Ga. 126, 128-129 (231 SE2d 744), with reference to a failure to properly hold a Jackson-Denno hearing. Clearly, the trial court considered the totality of the circumstances surrounding the statements and we find no abuse of discretion. See *High v. State,* 233 Ga. 153 (1) (210 SE2d 673). Compare *Porter v. State,* 143 Ga. App. 640 (239 SE2d 694); *Schneider v. State,* 130 Ga. App. 3, 4-5 (1) (2) (202 SE2d 238); *Pierce v. State,* 235 Ga. 237 (219 SE2d 158). We find no merit in this complaint.

6. Defendant next complains that the photographs and other evidence of a cut or gash on the defendant's leg, obtained after his arrest and confinement, was obtained as a result of an unlawful search and seizure and the introduction of the testimony and photographs over objection was likewise error. While in custody the defendant was told by a state agent to raise his pants leg and a cut leg was revealed. Then, while still in custody, his leg was photographed and he was examined by a medical doctor. Defendant contends this

was for the sole purpose of developing evidence for the state without the benefit of judicial impartiality. We find no merit in this complaint. *Wynn v. State,* 146 Ga. App. 315, 316 (3) (246 SE2d 346); *Tiller v. State,* 238 Ga. 67 (3) (230 SE2d 874); *Creamer v. State,* 229 Ga. 511, supra.

7. During the charge to the jury the court instructed that the jury might infer that the acts of a person of sound mind and discretion are the product of his will and the jury may infer that a person of sound mind and discretion intends the natural and probable consequences of his acts. Defendant contends this charge was erroneous and harmful and violative of his constitutional rights based upon Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) and *Lane v. State,* 153 Ga. App. 101 (2) (264 SE2d 569). However, the court also instructed the jury that "whether or not you make any such inference is a matter solely within your discretion as jurors." We do not find that the court shifted the burden of proof to the defendant resulting in erroneous harmful error. There is no merit in this complaint.

8. Defendant next contends that the trial court erred in refusing to give the defendant's request to charge the lesser included offense of criminal trespass. He contends the trial court refused to charge on criminal trespass on the basis that his sole defense was alibi and all the evidence indicated there was a weapon involved. Defendant maintains that the jury should have been given instruction whereby the defendant could have received the benefit of any lack of evidence and the burglary charge could be reduced to a misdemeanor, criminal trespass; that same was appropriate under the evidence, citing *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518); *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354), and *Chase v. State,* 148 Ga. App. 690, 691 (252 SE2d 194). Nevertheless, there was direct testimony that the defendant entered the victim's dwelling house with an intent to commit a felony and the mere fact that the defendant pleaded the general issue that he was not guilty and not present and his testimony attempted to show he was elsewhere (alibi), a charge on criminal trespass was not warranted and not necessary here. We find no merit in this complaint.

9. The remaining enumeration of error argued by the defendant is a general one, that is, constitutional rights of due process (Fourth and Fifth Amendments) were violated as heretofore shown in other enumerations of error above (Divisions 2 and 6). This argument is so general as to require no further discussion, nevertheless we do not find the defendant's rights to due process were violated with reference to the denial of his motion in arrest of judgment and in admitting evidence obtained with reference to the blood sample and

the cut on his right leg obtained by examination and photographed while he was in custody.

Having considered each and every enumeration of error argued by brief and finding no reversible error, the judgment must be affirmed in Case No. 67225.

10. As we have affirmed the judgment of conviction and sentence in Case No. 67225, a consideration of the defendant's appeal in Case No. 67224 is now moot and no longer necessary with reference to the denial of defendant's motion for supersedeas bond pending the appeal.

*Judgments affirmed. Shulman, C. J., concurs. Birdsong, J., concurs in the judgments only.*

DECIDED OCTOBER 12, 1983 —
REHEARING DENIED NOVEMBER 10, 1983 —

*Tony Hight,* for appellant.
*William A. Foster III, District Attorney, Penny J. Udolf, Assistant District Attorney,* for appellee.