## 71347. COWART v. THE STATE.
(338 SE2d 534)

BIRDSONG, Presiding Judge.

Eric Renard Cowart was convicted of rape and acquitted of aggravated assault with intent to commit rape. The victim was taken at knifepoint from a club and was repeatedly beaten, raped and sodomized by four men. Appellant testified he was in the car where many of the violent events took place, but said he merely stood by, holding the car door open while the other three men had sex with the victim. Appellant was positively identified as one of the assailants. He also stated the victim was beaten, and that he grabbed her arm and held her when she tried to take a knife out of her purse, and that he grabbed the knife away from her.

On appeal, Cowart contends the verdict of rape was legally inconsistent with the acquittal of aggravated assault with intent to commit rape, inasmuch as the latter is a lesser included offense of the former. *Held*:

While aggravated assault with intent to commit rape may be a

lesser included offense of rape in some cases (see *Reaves v. State*, 139 Ga. App. 361 (228 SE2d 383)), it is not so in every case because in many instances the offense of rape may undoubtedly be completed without the commission of an independent aggravated assault. Compare *Deering v. State*, 168 Ga. App. 835, 838 (4) (310 SE2d 720). The acquittal of aggravated assault with intent to rape does not *"necessarily include"* a finding against rape; the evidence in this case, though apparently in the eyes of the jury insufficient to support a finding of an aggravated assault with intent to commit rape occurring before or after the charged crime of rape, is not insufficient to support a conviction for rape. *Martin v. State*, 157 Ga. App. 304, 305 (277 SE2d 300). See also *Wingfield v. State*, 231 Ga. 92 (1) (200 SE2d 708).

In any case, each count of the indictment is regarded as separate and consistency in verdicts is not required. *Deering*, supra, citing *Dunn v. United States*, 284 U. S. 390, 393 (52 SC 189, 76 LE 356).

In *Hines v. State*, 254 Ga. 386, 387 (330 SE2d 479), the majority held that " '[t]he jury is entitled to believe a part of the testimony of a witness and disbelieve other parts.' . . . 'The determinative factor in judging whether jury findings are inconsistent "is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge." ' " It is worth noting that Chief Justice Hill concurred in the decision by saying he would abolish the Georgia inconsistent verdict rule in criminal cases, in keeping with *Dunn v. United States*, supra; and see *Deering*, supra.

The jury here evidently found Cowart raped the victim, but was unable to find that he committed aggravated assault. There is no inconsistency in this verdict.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED DECEMBER 2, 1985.

*H. Arnold Hammack*, for appellant.

*Hobart M. Hind, District Attorney, Nancy T. Smith, Assistant District Attorney*, for appellee.