72452. JOHNSON v. SHERIDAN.
(346 SE2d 109)

DEEN, Presiding Judge.

In February 1984 the appellee, Roger Sheridan, contracted with Ralph Johnson for the construction of a house. Sheridan originally commenced this action against Johnson, seeking damages for the defective and tardy construction of the house. Sheridan subsequently added Johnson's wife, Doris, as a co-defendant, and sought to have set aside two allegedly fraudulent conveyances of real property from Johnson to his wife. Following the trial, the jury awarded Sheridan $60,000 damages for negligent construction of the house, Johnson $9,900 on his counterclaim for unpaid labor and building supplies, and found that the conveyances should be set aside. Johnson's wife here appeals, contending that the evidence was insufficient to support

a finding that the conveyances were fraudulent in law.

At the trial, Sheridan testified that from June 1984 until Johnson walked off the job on or about August 21, 1984, he had called Johnson at his original residence on numerous occasions to complain about problems with the construction of the house. Because it was difficult to reach Johnson during normal working hours, he had usually called very early in the morning or late in the evening; Johnson's wife always answered the phone, but Johnson would be there. On or about August 17, 1984, Sheridan mailed Johnson a letter complaining about the defective construction and demanding remedy.

Ralph Johnson conveyed his real property to the appellant on August 23, 1984, and, despite contrary language recited on the deeds, no valuable consideration for the conveyances was involved. Johnson explained that he and his wife had been experiencing marital difficulties, having separated in June 1984, and he had thought that deeding her his property would placate his wife. Both Johnson and his wife claimed that since their separation he had resided with his mother. He also claimed that at the time of the transfer of the property, he had approximately $10,000 to $12,000 cash stashed away and 1,500 shares of stock valued at "three seventy-five" a share. It was never clarified whether the three seventy-five referred to $3.75 or $375 or anything else, but Johnson acknowledged that an upper limit of his worth at the time was $30,000 to $40,000.

Doris Johnson testified that at the time of the conveyances she had no knowledge of Sheridan's dissatisfaction with Johnson's construction of the house or his intention to commence a lawsuit. She claimed that she had helped pay for and build the house on the property in question. Four days after the conveyance of the property, the appellant also deposited $8,000 into her savings account, but she claimed that it was money she had saved around the house over the years and was not a lump sum given to her by her husband. *Held*:

1. OCGA § 18-2-22 in pertinent part provides that "[t]he following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void: (2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party; a bona fide transaction on a valuable consideration, where the taking party is without notice or ground for reasonable suspicion of said intent of the debtor, shall be valid; and (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance." Where the conveyance is between spouses, the onus is on the husband

and wife to show that the transaction was fair.[1] See OCGA § 19-3-10; *Stokes v. McRae*, 247 Ga. 658 (278 SE2d 393) (1981).

In cases of this nature, questions as to the fairness of the transaction, the grantee's notice or ground for reasonable suspicion of the grantor's intention to delay or defraud creditors, and the solvency of the grantor at the time of the conveyance are usually for jury resolution. *Mercantile Nat. Bank v. Aldridge*, 233 Ga. 318 (210 SE2d 791) (1974); *Westmoreland v. Powell*, 59 Ga. 256 (1877); *Cotton v. John W. Eshelman & Sons*, 137 Ga. App. 360 (223 SE2d 757) (1976). In this case, viewing the evidence in the light most favorable to upholding the jury verdict, the evidence summarized above, including the inferences that may be drawn from it, certainly established factual issues for jury resolution and authorized the jury to find that Johnson's transfer of the property to his wife was fraudulent.

2. The appellant also contends that the trial court erred in failing to rebuke opposing counsel and give curative instructions to the jury following an allegedly prejudicial closing argument. (Counsel for the appellee merely remarked that any real ownership interest of the appellant in the property in question would be protected from attachment to satisfy a judgment.) However, the appellant waived any error by failing to object at the time the argument was made. *Dept. of Transp. v. Lewyn*, 168 Ga. App. 283 (308 SE2d 684) (1983); *Smith v. Hardy*, 144 Ga. App. 168 (240 SE2d 714) (1977).

3. Having considered the appellee's motion to dismiss the appeal for failure of the appellant to number the enumeration of errors and argument correspondingly, and motion to impose a $500 penalty for frivolous appeal, these motions are denied.

*Judgment affirmed. Benham and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the opinion but believe that we should also address the appellee's motion to dismiss the appeal.

Appellee seeks dismissal because of the failure of appellant to comply with Rule 15 of the rules of this Court in several particulars. His position is a valid one. Appellant's brief is egregiously deficient. It does not separate the arguments but rather makes one overall, undifferentiated argument although there are seven errors enumerated. It does not address the enumerations in any particular sequence. It does not, upon final analysis, support all of the enumerations, so we must conclude that those are abandoned. *C & W Land Dev. Corp. v. Ka-*

---

[1] As Judge Bleckley observed over 110 years ago, "[w]hen man and wife co-operate for good they can do much good; and so, when they combine against third persons and co-operate for evil, they can do much harm." *Humphrey v. Copeland*, 54 Ga. 543, 548 (1875).

*minsky*, 175 Ga. App. 774, 777 (5) (334 SE2d 362) (1985). It does not refer in the argument to the record or transcript pages where the subject matter may be found. There is yet more, but the point is clear.

Rule 15 has been substantially ignored. That causes numerous difficulties and waste of time, as this Court attempts to reorganize the brief to be sure that all of the claimed errors are adequately understood and considered and to find the relevant portions of the more than one thousand page transcript. Even though we point out the difficulties, see *Dugger v. Danello*, 175 Ga. App. 618, 619 (2) (334 SE2d 3) (1985), the admonition goes unheeded.

This Court is reluctant to dismiss appeals for noncompliance with its rules because, for one thing, the objective is a decision on the merits. The statutes providing for appellate practice are themselves expressly to be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in this article (on appellate practice)." OCGA § 5-6-30. The Court generally takes the same approach in connection with parties' failure to follow the rules related to the briefs. See, e.g., *Deering v. State*, 168 Ga. App. 835 (310 SE2d 720) (1983).

While the Court here does not dismiss the appeal as prayed for by appellee, I would at least have required rebriefing so as to comply with Rule 15. OCGA § 5-6-48 (d) authorizes us to "take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it."

DECIDED JUNE 9, 1986.

*Hoyt L. Bradford*, for appellant.
*John T. Strauss*, for appellee.