75841. DADE v. THE STATE.
(365 SE2d 543)

BANKE, Presiding Judge.

The appellant was tried for kidnapping, armed robbery, and rape but was found guilty only of rape. On appeal, his primary contention is that his acquittal of the kidnapping charge was inconsistent with and repugnant to his conviction of the rape charge. While the appellant recognizes that the inconsistent verdict rule was abolished in criminal cases in *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986), he contends that the *Milam* decision should not be given retroactive effect. *Held*:

1. Pretermitting whether the *Milam* decision should be given retroactive effect, it is clear that the jury's verdicts in the present case were not inconsistent. " 'The jury is entitled to believe a part of the testimony of a witness and disbelieve other parts.' (Cit.) 'The determinative factor in judging whether jury findings are inconsistent is "whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge." (Cit.)' " *Hines v. State*, 254 Ga. 386, 387 (329 SE2d 479) (1985). Accord *Cowart v. State*, 177 Ga. App. 107 (338 SE2d 534) (1985).

The appellant argues that by acquitting him of the kidnapping charge, the jury necessarily determined that he had not held the victim against her will and that this determination cannot be reconciled with a determination that he had intercourse with her "forcibly, and against her will." OCGA § 16-6-1 (a). This argument, however, assumes a definition of the offense of kidnapping which is incomplete

and therefore erroneous. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant *and* holds such person against his will." OCGA § 16-5-40 (a). (Emphasis supplied.) Obviously, the jury in the present case was not required to find that the appellant had abducted the victim in order to find that he had had intercourse with her against her will. Consequently, the verdicts were not in irreconcilable conflict.

2. The evidence, construed most favorably towards the verdict, was sufficient to have enabled a rational trier of fact to find the appellant guilty of rape beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 4, 1988.

*O. L. Collins*, for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.